

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2004

# USA v. Johnson

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1645

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation
"USA v. Johnson" (2004). *2004 Decisions.* Paper 899.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/899

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-1645

UNITED STATES OF AMERICA

v.

CHARLES JOHNSON,
Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Criminal No. 01-cr-00638
(Honorable Ronald L. Buckwalter)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2004
Before: SCIRICA, *Chief Judge*, ROTH and McKEE, *Circuit Judges*

(Filed: March 31, 2004)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Defendant Charles Johnson appeals his conviction and sentence, alleging that the

District Court erred in (1) denying his motion to suppress physical evidence recovered in

a search of his residence, and (2) in calculating his sentence. We will affirm.

I.

On March 7, 2001, state parole agents conducted a warrantless search of parolee Charles Johnson's residence and recovered items including a 9mm handgun, 19.2 grams of cocaine base ("crack"), and a bulletproof vest.[1]  The search was prompted by a tip from a confidential informant to Johnson's parole agent.  The informant told Johnson's parole agent that he had heard Johnson had a gun and was selling narcotics.  The informant also told Johnson's parole agent that police had confiscated firearms and narcotics from a South Eighth Street boarding house where Johnson formerly resided. The agent subsequently confirmed the South Eighth Street raid information with local police.  The informant, who had been paid for giving another parole agent information in the past, was paid for his tip about Johnson.

The informant's second tip about Johnson's alleged illegal activities came on March 7, 2001.  Later that day the parole agent met with Johnson and explained that he intended to search Johnson's current Franklin Street residence because of the information he had received that Johnson was selling drugs and possessed a handgun.  Johnson replied he no longer lived at that address.  The agent confiscated Johnson's keys and drove with Johnson and two other parole agents to the Franklin Street house.  The

---

[1]Johnson had previously signed a Pennsylvania Board of Probation and Parole form consenting to the conditions of his supervised release, which specifically included his consent to searches of his person, property and residence without a warrant. As we find that reasonable suspicion to search existed, we do not discuss consent.

landlord there confirmed that the keys were to Johnson's Franklin Street apartment and that Johnson was currently a tenant. Having confirmed that Johnson lied about his residence, the agents used the keys to obtain access to Johnson's apartment where they found the contraband.

At trial, a jury convicted Johnson of: (1) possession of cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); (2) possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Johnson was sentenced to 360 months' imprisonment on Counts One and Three, to run concurrently, and to 60 months' imprisonment on Count Two, to run consecutively. We have jurisdiction over Johnson's appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

## II.

The first issue is whether the District Court erred in admitting the physical evidence recovered in the search of parolee Johnson's apartment. The Fourth Amendment permits parole officers to search a parolee's residence without a warrant where there is reasonable suspicion of parole violations. *United States v. Hill*, 967 F.2d 902, 909-911 (3d Cir. 1992). Johnson claims that the "reasonable suspicion" standard was not satisfied where the search of his residence was prompted by an "anonymous" tip conveyed to parole agents by a confidential informant. We exercise plenary review over

3

the District Court's application of Fourth Amendment law to the facts in this case. *United States v. Valentine*, 232 F.3d 350, 353 (3d Cir. 2000). But we review the District Court's findings of fact under a clearly erroneous standard. *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998).

Whether "reasonable suspicion" exists is determined from the totality of the circumstances. *United States v. Arvizu*, 534 U.S. 266, 273-74 (2002). In examining the totality of circumstances known to the agents at the time of the search, courts are to give "due weight" to the factual inferences and deductions drawn by the officers based on their experience and specialized training. *Id.* The District Court found that Johnson's parole agent had a reasonable suspicion that Johnson was in violation of his parole based on the confidential informant's tips, the agent's own investigation, and the agent's verification of the previous tip regarding police activity at Johnson's former South Eighth Street residence.

An anonymous tip by itself is not sufficient to create reasonable suspicion, without sufficient indicia of reliability. *Florida v. J.L.*, 529 U.S. 266, 270 (2000). Although the informant here (who was not anonymous) reported that he had "heard" the information which he relayed, the parole agent knew enough about the informant himself to establish that the tip was sufficiently trustworthy. The informant reported the tip in a face-to-face

4

meeting with Johnson's agent and was paid.[2] Furthermore, the informant was known to the parole agents as a reliable source based on previous verified tips. Finally, Johnson's parole agent himself confirmed one piece of the information provided by the informant when he investigated the South Eighth Street raid.[3] We agree with the District Court that under the circumstances known to the parole agents at the time of the search, there was reasonable suspicion to search Johnson's apartment.

## III.

Johnson also contends the District Court erred in calculating his sentence. Because his record included several prior drug convictions, Johnson's Presentence Report noted that he was subject to an enhanced mandatory term of ten years and maximum term of life imprisonment for Count One. But Johnson alleges that the Court erred in invoking this enhanced sentence because the government failed to file a notice of its intent to seek the enhancement under 21 U.S.C. § 851.[4]

_____

[2]*See U.S. v. Valentine*, 232 F.3d 350, 354-55 (3d Cir. 2000) (holding that tips conveyed in person are more reliable than anonymous tips because "when an informant relates information to the police face to face, the officer has an opportunity to assess the informant's credibility and demeanor," and because the informant, by coming forward in person, exposes himself to retribution by the police if his information proves to be false.).

[3]Prior to entering Johnson's apartment, parole agents also knew that Johnson had lied about his place of residence – this act, in itself, was a violation of Johnson's parole. Although the District Court did not explicitly cite this fact in support of its decision that "reasonable suspicion" existed to justify the search, we believe this formed part of the "totality of the circumstances" that supported the District Court's determination.

[4]21 U.S.C. § 851(1) reads:

(continued...)

Johnson's prior convictions qualified him as a career offender, so under 18 U.S.S.G. § 4B1.1 calculation of his base offense level depended on the maximum possible penalty for his offense. Based on the enhanced sentence carrying a maximum term of life imprisonment, the court calculated Johnson's offense level to be 37. Johnson argues that the appropriate maximum term, due to the government's § 851 omission, was 40 years, and therefore the appropriate offense level was 34, under § 4B1.1(b)(B).

Because Johnson failed to object to the Government's procedural error at the time of sentencing, we review under a "plain error" standard. *United States v. Couch*, 291 F.3d 251, 252-253 (3d Cir. 2002). The defendant bears the burden of showing that a plain error occurred. *United States v. Syme*, 276 F.3d 131, 143 n.4 (3d Cir. 2002). Under this standard,

> there must be (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

*United States v. Campbell*, 295 F.3d 398, 404 (3d Cir. 2002) (quoting *Johnson v. United States*, 520 U.S. 461, 466-67 (1997)).

---

[4](...continued)
No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

In this case, we find no reason to disturb the District Court's sentence. Johnson was clearly aware that the government sought to use specific prior convictions to obtain an enhanced sentence. Johnson's indictment included a "Notice of Prior Convictions" which listed five prior felony convictions for purposes of enhanced sentencing in connection with his indictment on Count Three (felon in possession of a firearm). This included three convictions for robbery and two for serious drug offenses. At one point, Johnson's counsel agreed to a change of language in the fifth conviction listed in this "Notice of Prior Convictions" from "two counts of possession with intent to distribute a controlled substance" to "two counts of delivery of a controlled substance."

At trial, the jury returned a supplemental verdict form in which it specifically determined that Johnson was previously convicted of five prior violent felony and serious felony drug offenses listed in the indictment. At no point did Johnson contest his criminal history or allege that any of the prior convictions could not be counted. In a similar case involving a plea agreement, the Court of Appeals for the Fifth Circuit held that reversal under the "plain error" standard is not required where the defendant was on notice that the government was seeking an enhanced sentence based on criminal history, and where the defendant did not contest his criminal history. *United States v. Dodson*, 288 F.3d 153, 159-62 (5th Cir.), *cert. denied*, 537 U.S. 888 (2002).[5] Here, as in *Dodson*,

_____

[5]We also agree with the Fifth Circuit's determination in *Dodson* that the government's inclusion of prior conviction information in an indictment and Presentence Report does

(continued...)

7

the government's failure to file the § 851 information did not "seriously affect the fairness and integrity of the judicial proceedings." *Id.* at 162.

## IV.

For the foregoing reasons, we will affirm the conviction and sentence.

---

[5](...continued)
not serve to satisfy the § 851 requirement. Rather, the protections of § 851 are subject to waiver and forfeiture by a defendant. Here, Johnson's failure to object resulted in forfeiture.