**\*AMENDED CLD-218**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1417
_____

CHARLES JOHNSON,
                                                    Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 13-cv-00030)
District Judge:  Honorable Ronald L. Buckwalter
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 2, 2013
Before:  RENDELL, JORDAN and SHWARTZ, Circuit Judges

(Opinion filed: August 13, 2013)
_____

OPINION
_____

PER CURIAM

        Charles Johnson appeals the dismissal of his petition pursuant to 28 U.S.C. § 2241

for lack of jurisdiction.  We will summarily affirm the judgment of the District Court for

the Eastern District of Pennsylvania.

## I.

Johnson, who is presently incarcerated at Allenwood-FCI, was convicted in the Eastern District of Pennsylvania for possession of cocaine base with intent to distribute, possession of a firearm in furtherance of a drug trafficking offense, and being a felon in possession of a firearm. He was sentenced in 2003 as an Armed Career Criminal, pursuant to 18 U.S.C. § 924(e). He is currently serving an enhanced sentence of 360 months to run consecutively with a term of 60 months. This Court affirmed his judgment of conviction and sentence. United States v. Johnson, 93 F. App'x 416 (3d Cir. 2004). In 2005, Johnson filed a motion pursuant to 28 U.S.C. § 2255, which was denied by the District Court. This Court declined to issue a certificate of appealability, C.A. No. 06-1029.

In October 2012, Johnson filed a 28 U.S.C. § 2241 petition in the Middle District of Pennsylvania. He argued, based on this Court's recent decision in United States v. Isaac, that he was legally entitled to, but never received, notice of the sentencing enhancement to which he was exposed. 655 F.3d 148 (3d Cir. 2011). The Magistrate Judge recommended transferring the case to the Eastern District, where Johnson was sentenced. The case was transferred, and the District Court in the Eastern District dismissed for lack of jurisdiction. Johnson appealed.

## II.

The District Court found that Johnson's petition was more akin to a second or successive § 2255 motion. We agree. See United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (noting the purpose of § 2255 is to collaterally attack the validity of a prisoner's judgment or sentence). Because Johnson had not obtained the required authorization from this Court for seeking such relief, the District Court properly dismissed the motion. See 28 U.S.C. § 2244(b)(3); § 2255(h) (requiring a second and successive motion "be certified" by a panel of the appropriate court of appeals); see also Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002) (authorizing dismissal for non-authorized second or successive petitions).

Moreover, Johnson has failed to show that his circumstances warrant consideration under 28 U.S.C. § 2241. A federal prisoner may challenge his conviction or sentence under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255. A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). In other words, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered non-

3

criminal by an intervening Supreme Court decision" can he avail himself of § 2241. <u>In re Dorsainvil</u>, 119 F.3d 245, 251-52 (3d Cir. 1997).

Johnson argued "that he has no other alternative but to seek relief under 28 U.S.C. § 2241, because . . . of 'procedural reasons;" namely, "he cannot satisfy the requirements in place to file a second or successive motion under 28 U.S.C. § 2255(h)(2)." Org. Rec. 4-5, Jan. 2, 2013, ECF No. 1-2 (also found as M.D. Pa. 12-cv-02118, Pet. 3-4, Oct. 23, 2012, ECF No. 2). We have previously rejected this argument and ruled that the inability to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion is not a ground for invoking § 2241. <u>Dorsainvil</u>, 119 F.3d at 251.

To the extent that Johnson is seeking to challenge the legality of the duration of his confinement by relying on <u>United States v. Isaac</u>, 655 F.3d 148 (3d Cir. 2011), which he believes is "new law," the relief he is seeking can only be attained by way of a § 2255 motion. <u>See</u> <u>Dorsainvil</u>, 119 F.3d at 249; <u>Cradle</u>, 290 F.3d at 538.

Lastly, in his response to the Clerk's summary action notice, Johnson makes a miscarriage of justice argument, reasserting that his sentence enhancement was unconstitutional because the District Court lacked jurisdiction under 21 U.S.C. § 851(a). However, Johnson does not maintain that he is innocent, nor does he argue that he was improperly classified as an Armed Career Criminal under 18 U.S.C. § 924(e). Therefore, his miscarriage of justice claim also fails. <u>See</u> <u>Dorsainvil</u>, 119 F.3d at 251; <u>see also</u>

4

<u>Bousley v. United States</u>, 523 U.S. 614, 623-24 (1998) (requiring a showing of factual innocence).

III.

For the reasons given, this appeal presents us with no substantial question. <u>See</u> 3d Cir. L.A.R. 27.4 and I.O.P. 10.6. Accordingly, we will summarily affirm the judgment of the District Court. <u>Murray v. Bledsoe</u>, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam).