

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2006

# USA v. Barron

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2290

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Barron" (2006). *2006 Decisions*. Paper 1052.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1052

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2290

———

UNITED STATES OF AMERICA

v.

ROBERT LEE BARRON,

Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 03-cr-00214)
District Judge: Honorable Terrence F. McVerry

———

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 17, 2006

Before: RENDELL, VAN ANTWERPEN, and WEIS, Circuit Judges

(Filed:  May 24, 2006)

———

OPINION OF THE COURT

———

VAN ANTWERPEN, Circuit Judge.

Before us is Robert Barron's appeal from his 151-month sentence following a

guilty plea to drug charges.  We have jurisdiction pursuant to 18 U.S.C. § 3742(a)(1) and

will affirm.

# I.

Because we write solely for the parties, we set forth only those facts necessary to our analysis. On August 19, 2003, a grand jury in the Western District of Pennsylvania returned a two-count indictment charging Barron at Count One with possession with intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(a)(iii). Count Two of the indictment charged Barron with possession with intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). Barron entered an open guilty plea on August 3, 2004.

Before sentencing, Barron filed a motion for downward departure, claiming that the Criminal History Category set forth in his Presentence Information Report ("PSR") overrepresented his criminal history. Barron argued against the application of a two-point enhancement of his Criminal History score based on his arrest for the instant offense with only three days remaining on a previously-imposed term of probation for a separate crime.

On April 13, 2005, the District Court held a sentencing hearing. At that proceeding, the District Court granted Barron's downward departure motion as it pertained to his Criminal History score. This reduced Barron's Criminal History score from 10 to 8, which in turn yielded a Criminal History Category of VI. Applying the calculated offense level of 31, the District Court then sentenced Barron to 151 months imprisonment as to Count One

of the indictment and 12 months on Count Two.  The sentences were to run concurrently.[1]

**II.**

We review sentences for reasonableness.  United States v. Cooper, 437 F.3d 324, 327 (3d Cir. 2006) (citing Booker v. United States, 543 U.S. 220 (2005)).  To meet this standard, "[t]he record must demonstrate that the trial court gave meaningful consideration to the [18 U.S.C.] § 3553(a) factors."  Id. at 329.  However, sentencing courts need not make findings as to each of the § 3553(a) factors if the record makes clear that the court took those factors into account at sentencing.  Id.

Because Barron did not object at sentencing to the District Court's alleged failure to explain its consideration of the § 3553(a) factors, he bears the burden of establishing plain error.  United States v. Couch, 291 F.3d 251, 252-53 (3d Cir. 2002).  Under this standard, there must be an error that is "plain" and affects "substantial rights."  United States v. Evans, 155 F.3d 245, 251 (3d Cir. 1998) (citing United States v. Olano, 507 U.S. 725, 731-32 (1993)).  An error is "plain" where it is "clear" or "obvious," id., and an error affects "substantial rights" where it impacted the outcome of the district court proceedings.  Id.  When such an error exists, this Court has the authority to order correction, but is not required to do so – we will exercise our discretion only if the error also "seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id. (citation omitted).

---

[1]With a Criminal History Category of V, Barron's Guidelines range was 168-210 months; with a Criminal History Category of IV, the Guidelines range was 151-188 months.

### III.

### A.

Barron first argues that his sentence was imposed in violation of law because the District Court failed to place a statement of reasons on the record for the sentence imposed. We are unpersuaded.

We stated in Cooper that a district court need not expressly articulate all of the § 3553(a) factors so long as it is clear that the district court considered them. 437 F.3d at 329. Our review of the record of the sentencing hearing in this case – which includes both extensive argument by both parties and the District Court's clear citation to the § 3553(a) factors – leaves us satisfied that the District Court gave the necessary "meaningful consideration" to the § 3553(a) factors. Cooper, 437 F.3d at 329-30. To the extent that Barron complains that the District Court did not explain its rejection of his argument regarding the disparity between sentences imposed for crack cocaine and powder cocaine, sentences imposed in connection with possession of crack cocaine have survived equal protection and due process challenges, see United States v. Alton, 60 F.3d 1065, 1069 n.7 (3d Cir. 1995) (collecting cases), and we made clear in Cooper that District Courts need address only those arguments that have merit. 437 F.3d at 329. Accordingly, we perceive no error in the manner in which the District Court articulated the basis for its decision. See id. at 332 ("[t]here are no magic words that a district judge must invoke when sentencing").

### B.

4

Barron next argues that his sentence was unreasonable because the District Court erred legally by applying the Guidelines as mandatory and factually by failing to fully appreciate the similarity between crack cocaine and powder cocaine. We reject both arguments.

First, the record makes clear that the District Court recognized that the Guidelines were advisory, not mandatory. See App. 97. As regarding the District Court's alleged failure to appreciate the similarity between crack cocaine and powder cocaine, the statutes under which Barron was charged make clear the distinction between the two substances, and we find no error in the District Court's refusal to impose a sentence that Barron might consider more representative of the relative harms posed by crack cocaine versus cocaine powder. See United States v. Jones, 979 F.2d 317, 319 (3d Cir. 1992) (dismissing as "without force" the argument that there is no difference between crack cocaine and powdered cocaine).

## C.

Barron's final argument is that his sentence was greater than was necessary to achieve the goals of his punishment. This argument fails.

The District Court considered the facts of the case along with Barron's arguments and the § 3553(a) factors. We are satisfied that Barron's sentence was reasonable in light of his convictions and criminal history, and that the District Court was properly attentive to the relevant factors and the facts of this case. Accordingly, we discern no error, let alone plain error, in the sentence.

5

## IV.

We have considered all other arguments made by the parties on appeal, and conclude that no further discussion is necessary. For the foregoing reasons, we will affirm Barron's conviction and sentence.