

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2008

# USA v. Sandhu

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5053

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Sandhu" (2008). *2008 Decisions.* Paper 1447.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1447

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-5053
_____

UNITED STATES OF AMERICA

v.

GULVINDER SINGH SANDHU,

Appellant

_____

On Appeal from the United States District Court
for the District of Eastern Pennsylvania
District Court No.: 02-cr-00247
District Court Judge: Honorable Eduardo C. Robreno
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2008

Before: BARRY, JORDAN and HARDIMAN, *Circuit Judges*.

(Filed: March 13, 2008)

_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Gulvinder Singh Sandhu appeals his sentence following a plea of guilty to 42 counts of making false statements.  We will affirm.

I.

We write exclusively for the parties, so we recount only the facts essential to our decision.  Sandhu is a Canadian commercial truck driver who frequently makes deliveries in the United States.  Accordingly, he is subject to U.S. regulations that require him to, *inter alia*, maintain a logbook that accurately reflects his driving and off-duty hours, 49 C.F.R. § 395.8 (1998), and refrain from driving more than ten consecutive hours without at least eight hours of rest in-between (the so-called "ten hour rule").  49 C.F.R. § 395.3 (1998);[1] *United States v. Sandhu*, 462 F. Supp. 2d 663, 664-65 (E.D. Pa. 2006).  On September 22, 1999, Sandhu was traveling on Interstate 78 in Berks County, Pennsylvania, when he lost control of his truck and collided with a van traveling in the opposite direction, killing four of its occupants and seriously injuring two others.

The United States Department of Transportation (DOT) investigated the incident and discovered that in the weeks preceding the crash, Sandhu had falsified his logbook entries 42 times.  Records revealed that Sandhu frequently misstated the times at which he crossed the border, and toll receipts showed that in many cases, Sandhu was driving when he claimed to be off-duty in the sleeper berth of his truck.  Accordingly, Sandhu was

---

[1] This rule has since been modified.  *See* U.S. Dep't of Transp., Office of Pub. Affairs, *Revised Hours-of-Service Rule to Help Ensure Truck Drivers Get Adequate Rest*, Apr. 24, 2003, http://www.dot.gov/affairs/fmcsa0403.htm.

indicted on, and pleaded guilty to, 42 counts of making false statements in violation of 18 U.S.C. § 1001.[2]  *See* 49 C.F.R. § 395.8(e).  Before he was sentenced, Sandhu sought to exclude evidence relating to the September 22 crash.  The District Court denied Sandhu's motion, finding the evidence potentially relevant to the required sentencing inquiry. *Sandhu*, 462 F. Supp. 2d at 663, 671-75.

At Sandhu's sentencing hearing, the District Court heard from a truck driver who witnessed the crash, the agent who investigated Sandhu's logbook, and several of Sandhu's friends and family.  The Court also considered Sandhu's presentence report (PSR), which calculated an advisory Guidelines range of 8-14 months, but noted that an upward departure might be warranted because "death resulted."  U.S.S.G. § 5K2.1. Although neither party objected to the advisory Guidelines range, the government argued for a sentence at the top while Sandhu advocated for the bottom of the range.

The District Court declined to depart under § 5K2.1 of the Guidelines because there was insufficient evidence that Sandhu was fatigued at the time of the crash, or that he was violating the "ten hour rule."  Nevertheless, the District Court, after applying the relevant factors of 18 U.S.C. § 3553(a), imposed a variance that resulted in a sentence of 48 months in prison, 3 years of supervised release, a $5,000 fine, and a $4,200 special assessment.  The term of imprisonment, reasoned the Court, represents roughly "a month .

---

[2]  Sandhu was also charged in state court with vehicular manslaughter and related offenses.  These charges were dismissed, however, and Sandhu pleaded guilty to the summary offense of careless driving.  *See Sandhu*, 462 F. Supp. 2d at 663.

. . for each of the violations as to which the defendant has pled guilty," and is well below the statutory maximum 210 month sentence to which Sandhu was exposed. 18 U.S.C. § 1001(a).

Sandhu challenges his sentence on two grounds. First, he argues that the District Court erred by imposing an upward variance without making "a specific finding of an aggravating circumstance" or determining whether an aggravating circumstance "was present to such a degree as to take the case out of the Guidelines' 'heartland.'" Second, he argues that the Court improperly considered the § 3553(a) factors.

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). Because Sandhu failed to raise his first claim in the District Court, we review it for plain error. *United States v. Couch*, 291 F.3d 251, 252-53 (3d Cir. 2002). We will reverse only if we find that: (1) the District Court committed error (2) that was plain, and (3) that affected the defendant's substantial rights. *United States v. Lessner*, 498 F.3d 185, 192 (3d Cir. 2007).

At sentencing a district court must: (1) calculate the Guidelines range, (2) decide whether a departure under the Guidelines is appropriate, and (3) decide whether to vary from the Guidelines based on the relevant § 3553(a) factors. *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006). As Sandhu correctly argues, aggravating or mitigating circumstances remain relevant to the court's decision whether to depart under the

4

Guidelines. *Id.* at 247 (noting that at step two, our pre-*Booker* case law continues to have advisory force). Once the court decides not to depart, however, its post-*Booker* discretion to vary from the guidelines at step three is bounded by § 3553(a) and our reasonableness review, not by findings of aggravating or mitigating circumstances. *Id.*; *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).

Here, Sandhu's first argument fails because it ignores the distinction between a departure and a variance. *See Gunter*, 462 F.3d at 247 n.10. The District Court explicitly declined to apply an upward *departure* because "there was not sufficient evidence that [Sandhu] was suffering from fatigue at the time of the accident, nor was there sufficient evidence to conclude that . . . [Sandhu] was violating the ten-hour rule." Because the District Court did not depart from the Guidelines, it was not required to identify aggravating circumstances; rather it was required to give meaningful consideration to the § 3553(a) factors. *Cooper*, 437 F.3d at 329; *see* Part III, *infra*.

We are aware of no case, and Sandhu cites none, that requires a district court to identify aggravating circumstances in exercising its discretion to vary from the Guidelines based on § 3553(a). *Cf. Gall v. United States*, 128 S. Ct. 586, 595 (2007) (rejecting an appellate rule that required "extraordinary" circumstances to justify a variance). Accordingly, we find that the District Court committed no error, much less plain error, in not identifying aggravating circumstances to justify its variance.

III.

Sandhu next argues that the District Court's failure to properly consider the § 3553(a) factors resulted in an unreasonable sentence. We review the District Court's sentence under the deferential abuse of discretion standard. *Gall*, 128 S. Ct. at 597. Thus, we consider: (1) whether the District Court gave meaningful consideration to the relevant § 3553(a) factors;[3] and (2) whether the Court reasonably applied those factors to the circumstances of the case. *Cooper*, 437 F.3d at 329-30.

In Sandhu's case, we answer both questions in the affirmative. The Court considered the "nature and circumstances of the offense," § 3553(a)(1), observing that "falsification of logbooks in order to circumvent DOT safety regulations is a serious offense that carries risk far greater than those for most document falsifications," as well as the "history and characteristics of the defendant," *id*., recognizing Sandhu's otherwise "unblemished life." The Court emphasized the need for the sentence to "reflect the seriousness of the offense," § 3553(a)(2)(A), and to provide "adequate deterrence" to similar conduct, § 3553(a)(2)(B), when it characterized Sandhu's conduct as "a violation of safety regulations with potentially fatal consequences," and sought to send "a clear message that safety violations are a serious offense, and if violated, will result in serious

---

[3] "The court need not discuss every argument made by a litigant if an argument is clearly without merit. Nor must a court discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Cooper*, 437 F.3d at 329. Moreover, the court need not invoke particular "magic words" in explaining its sentence. *Id*. at 332.

penalties." The District Court also examined sentences imposed in similar situations, § 3553(a)(6), but found those situations distinguishable.

Any concern Sandhu had that the District Court was prejudiced by his accident, or relied solely upon that fact in determining his sentence, is dispelled by the District Court's thorough § 3553(a) analysis. Moreover, the District Court explicitly stated that the upward variance reflected Sandhu's "repeated violations over a short period of time" of 18 U.S.C. § 1001 and 49 C.F.R. § 395.8, not his "causing or being involved in [the] accident." Accordingly, the District Court did not abuse its discretion and the judgment of sentence will be affirmed.