**UNITED STATES of America**

v.

**Barry D. WILLIAMSON, a/k/a Dockey, a/k/a Poppa, a/k/a Black Poppa, a/k/a Thomas Thompson**

**160**

**Barry D. Williamson, Appellant.**

**No. 07–1373.**

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34,1(a) March 28, 2008.

Filed: April 9, 2008.

Christy H. Fawcett, Office of United States Attorney, Harrisburg, PA, for United States of America.

Ronald C. Travis, Rieders, Travis, Humphrey, Harris, Waters & Waffenschmidt, Williamsport, PA, for Barry D. Williamson.

Before: McKEE, RENDELL and TASHIMA *, Circuit Judges.

OPINION OF THE COURT

RENDELL, Circuit Judge.

Barry D. Williamson appeals his sentence of 182 months' imprisonment imposed following his plea of guilty to criminal conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). For the reasons that follow, we will affirm the sentence imposed by the District Court.

Because we write for the parties, we set out only those portions of the facts and procedural history which are pertinent to our analysis. On January 23, 2003, Williamson pled guilty pursuant to a written plea agreement to conspiracy to commit money laundering. A Presentence Investigation Report ("PSR") was drawn up in preparation for sentencing, and Williamson filed several objections to the PSR, including an objection to the use of the 2002 version of the Sentencing Commission Guidelines Manual, instead of the 2000 version.

At the first sentencing hearing on January 29, 2004, the District Court began by raising the issue of objections to the PSR. Defendant's counsel replied, "for the record the defendant respectfully would like to withdraw the former objections that were made." (App. 37A). After confirming that the principal objection being withdrawn was to the version of the Guidelines applied, the Court asked Williamson whether he and his counsel had discussed withdrawing the objections and whether he agreed to withdraw the objection to the version of the Guidelines used. (App.

---

\* Honorable A. Wallace Tashima, Senior Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

38A). Williamson responded affirmatively to both questions. (App. 38A).

Using the 2002 Guidelines Manual, the District Court sentenced Williamson to a 240–month term of imprisonment, but subsequently amended its judgment to reduce the term of imprisonment to 192 months. Williamson appealed. On April 6, 2005, our Court removed Williamson's counsel for failing to timely process his appeal and, on November 15, 2006, summarily remanded to the District Court for resentencing in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Williamson then filed a motion with the District Court, requesting that it consider and decide his objection to the use of the 2002 Guidelines Manual. On January 25, 2007, the District Court resentenced Williamson to a 180–month term of imprisonment. Williamson timely appealed the sentence.

Williamson challenges his sentence on two grounds. First, he argues that the District Court violated his Sixth Amendment right to a jury trial because, in order to calculate his Guideline range, it determined the nature and quantity of drug amounts and the use of a firearm itself, instead of submitting those issues to a jury. Because Williamson failed to preserve this objection at sentencing, we review it for plain error. *United States v. Couch*, 291 F.3d 251, 252–53 (3d Cir.2002).

Williamson relies on *Cunningham v. California*, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007), which, he argues, precludes a sentencing court from making findings necessary for a firearm enhancement and determinations of drug quantity. *Cunningham*, however, stands for the proposition that judicial determinations of aggravating sentencing factors violates the Sixth Amendment when performed under a mandatory sentencing scheme. Here, the District Court did not consider the Guidelines to be mandatory. Contrary to Williamson's arguments, the Court found facts that increased the applicable Guideline range, not facts that raised the sentence above the statutory maximum for the crime to which he pled. Accordingly, Williamson's argument lacks merit. *See United States v. Grier*, 475 F.3d 556, 565–566 (3d Cir.2007).

Second, Williamson contends that, on remand from this Court, the District Court should have permitted him to challenge the version of the Guidelines Manual used. Williamson clearly and affirmatively waived this objection at his first sentencing hearing. He had knowledge of his right to object to the use of the 2002 Guidelines Manual and intentionally chose to abandon it. Under such circumstances "his failure to object will be deemed a 'waiver' depriving him of the opportunity to obtain relief on appeal." *Virgin Islands v. Rosa*, 399 F.3d 283, 291 (3d Cir.2005). The prior remand and resentencing under *Booker* does not change the analysis. This argument accordingly fails.

For the foregoing reasons, we will affirm the sentence imposed by the District Court.