NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1677
_____

UNITED STATES OF AMERICA

v.

FRANK CHAPPELL,
a/k/a FRANK ACHUFF

FRANK CHAPPELL,

                                        <u>Appellant</u>

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-10-00576-001)
Honorable Stewart Dalzell, District Judge
_____

Submitted under Third Circuit LAR 34.1(a)
December 16, 2011

BEFORE: SLOVITER, VANASKIE, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Filed: December 30, 2011)
_____

OPINION OF THE COURT
_____

GREENBERG, <u>Circuit</u> <u>Judge</u>.

I. INTRODUCTION

This matter comes on before this Court on an appeal by Frank Chappell from a judgment of conviction and sentence entered on March 3, 2011, following the District Court's imposition of a sentence on him on the basis of his plea of guilty to a single count of an indictment charging him with passing counterfeit United States currency and aiding and abetting in that offense in violation of 18 U.S.C. §§ 472 and 2. The District Court calculated that Chappell had an offense level of 7 and a criminal history category of VI and thus had an advisory guidelines range of 15 to 21 months. It then imposed a custodial sentence of 20 months to be followed by a three-year term of supervised release. In addition, the Court imposed a fine and ordered Chappell to make restitution to the victim of his offense. Chappell challenges only the custodial aspect of his sentence.

The District Court had jurisdiction under 18 U.S.C. § 3231 and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742 to review the sentence. We review the sentence for abuse of discretion with respect to its procedural and substantive reasonableness and thus give deference to the District Court's judgment. See Gall v. United States, 552 U.S. 38, 56, 128 S.Ct. 586, 600 (2007); United States v. Cooper, 437 F.3d 324, 330 (3d Cir. 2006), abrogated on other grounds by Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558 (2007).

Chappell's argument focuses on his contention, though he does not use the term, that the District Court twice "double counted" a sentence imposed at one time in calculating his criminal history. The first alleged double counting was with respect to a sentence imposed in Philadelphia County on August 19, 1996. At that time, the state court sentenced him for two stolen property offenses committed on separate days,

2

February 9, 1995, and April 27, 1996, the second offense being committed while he was on bail for the first offense. The state court imposed a single sentence of the period of time served to 23 months (with immediate parole) to be followed by a term of probation for 2 years on the two convictions. The second double counting, which we review for plain error as he did not raise this point in the District Court, see United States v. Couch, 291 F.3d 251, 252-53 (3d Cir. 2002), relates to sentences that the Common Pleas Court of Forest County, Pennsylvania, imposed on March 28, 2007. In that instance, the court imposed (1) a sentence of imprisonment for 12 to 14 months to be followed by a two-year term of probation for indecent assault on another inmate that Chappell committed on March 24, 2006, during a time that he was in custody for breach of the terms of probation imposed following his conviction for earlier offenses and (2) a sentence for institutional vandalism that Chappell committed on August 20, 2006, of a two-year term of probation to be served consecutively to the indecent assault term. It will be noted that the March 28, 2007 sentences are at issue here because the court imposed them at a single time even though, unlike the sentence the court imposed on Chappell in Philadelphia County, the state court in Forest County did not impose a single sentence for the separate offenses.

We see no error and thus obviously no plain error in the District Court's calculations. Indeed, Chappell in his brief acknowledges that the "District Court's calculation of the applicable guidelines range was not error in and of itself," appellant's br. at 6, though he does contend that the sentencing range drastically overstated his criminal history. Moreover, with respect to the Court's treatment of the state court August 19, 1996 sentence, he recognizes that the Court has affirmed sentences that

3

district courts "have imposed using similar calculations," id, at 8, citing as an example United States v. Hankerson, 496 F.3d 303, 311 n.5 (3d Cir. 2007).

Though plural sentences imposed at a single time ordinarily are not counted separately in calculating a defendant's criminal history category, see U.S.S.G. § 4A1.2(a)(2) cmt. n.3, as the government points out, U.S.S.G. § 4A1.2(a)(2) provides that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." See United States v. Hallman, 23 F.3d 821, 825 (3d Cir. 1994). Chappell was arrested on the first stolen property offense on February 11, 1995, and he committed the second offense on April 27, 1996. The state court subsequently sentenced him for both offenses on August 19, 1996. Thus, the guidelines required that the Philadelphia County stolen property offenses should have been counted separately, as they were. The March 28, 2007 Forest County sentence differs from the Philadelphia County sentence with respect to the question concerning the application of the guidelines in that when Chappell committed his first offense on March 24, 2006, he already was in custody. We are satisfied, however, that a continuation of custody should be regarded as an arrest for purposes of U.S.S.G. § 4A1.2(a)(2), as functionally it surely operates in that way.[1] In reaching this conclusion we are well

---

[1] We note that the government in its brief recites that the indecent assault and vandalism offenses "were separated by an intervening arrest." Appellee's br. at 17 n.4. It makes this statement, however, without citation to the record and thus we cannot be certain that the government's contention is correct as we do not know if Chappell was arrested formally for the indecent assault. Nevertheless, the possibility that the government is

4

aware that courts have wrestled with the question in other contexts, particularly when dealing with motor vehicle stops in which drivers usually are detained for short time periods, of nuances in defining what degree of custody constitutes an arrest for purposes of U.S.S.G. § 4A1.2(a)(2). See, e.g., United States v. Leal-Felix, ____F.3d ____, 2011 WL 5966202 (9th Cir. Nov. 30, 2011) (en banc). But, no matter how motor vehicle stop cases are resolved with respect to determining if there has been an arrest they are distinguishable from situations in which the offender is in penal institutional custody at the time of his offense. We are satisfied that here the District Court's calculations were correct and it sentenced Chappell within the guidelines range.

We recognize that Chappell contends that the District Court in sentencing him did not meaningfully consider the nature and circumstances of his current offense and did not reasonably apply the factors set forth in 18 U.S.C. § 3553(a)(2)(A). In particular, as we have indicated, he contends that the seriousness of his criminal history has been overstated drastically. We, however, do not see any basis to hold that the District Court abused its discretion in imposing the sentence. In fact, if anything, the sentence it imposed seems lenient, particularly when Chappell's criminal history is considered.

For the foregoing reasons, we will affirm the judgment of conviction and sentence entered March 7, 2011.

---

wrong in this respect does not matter as we are treating the continuation of custody as an arrest.