NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 10-3525

UNITED STATES OF AMERICA

v.

FREDERICK PHILLIPS,
a/k/a Maurice Hightower

FREDERICK PHILLIPS,
                              Appellant

On Appeal from a Judgment of Conviction and Sentence
in the United States District Court for the Eastern
District of Pennsylvania
(Crim. No. 2-09-cr-00718-001)
District Judge: Hon. Stewart Dalzell

Submitted pursuant to Third Circuit LAR 34.1(a)
January 12, 2012

Before: McKEE, *Chief Judge*, FUENTES and
JORDAN, *Circuit Judges*

(Opinion filed:  February 14, 2012)

OPINION

McKEE, *Chief Judge*.

        Frederick Phillips appeals the judgment of sentence imposed by the district court.

For the reasons that follow, we will affirm.

1

# I. FACTS AND PROCEDURAL HISTORY[1]

Phillips pled guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His written plea agreement contained an appellate waiver.

At sentencing, Phillips objected to the armed career criminal classification ("ACCC") in the Presentence Report ("PSR"). He argued, *inter alia*, that his 1997 conviction for possession of a controlled substance with intent to distribute should not be considered in determining if the ACCC was applicable because the government did not establish that his conviction was punishable by at least ten years imprisonment, as required by 18 U.S.C. § 924(e)(2)(A)(ii).[2] Under Pennsylvania law, the statutory maximum penalty varied according to the controlled substance involved, and Phillips claimed that the bill of information for the 1997 conviction did not identify the drug involved.

However, at sentencing, the government produced certified copies of state court records for all three of Phillips's prior convictions. The reverse side of the bill of information for the 1997 conviction indentified the drug involved as cocaine, thus subjecting him to ten years imprisonment under Pennsylvania law. Phillips's counsel conceded as much and declined the sentencing judge's offer for a recess of the sentencing

---

[1] Because we write primarily for the parties, we will recite only as much of the facts and procedural history as are necessary for the disposition of this appeal.

[2] Phillips also argued that his 1997 conviction for drug trafficking should not be considered for the armed career criminal classification because he received a sentence for that conviction concurrent with the sentence for his rape conviction. However, he does not assert that meritless argument here.

to allow him to consider the full bill of information.

The district court ruled against Phillips, adopted the findings of the PSR and sentenced Phillips within the Guidelines range to 228 months imprisonment, five years of supervised release, a $2,500 fine and a $100 special assessment.  This appeal followed.

## II. DISCUSSION

Before we discuss Phillips claims, we will first address the appellate waiver in his plea agreement.

### A.  The government contends that the appellate waiver should be enforced.

The government argues that the appellate waiver should be enforced and that Phillips's arguments must therefore be limited to the armed career criminal determination.

> [T]here are three elements to be considered when the government invokes an appellate waiver and the defendant contends that the waiver does not bar [his] appeal: (1) whether the waiver of the right to appeal [his] sentence was knowing and voluntary; (2) whether one of the specific exceptions set forth in the agreement prevents the enforcement of the waiver; i.e., what is the scope of the waiver and does it bar appellate review of the issue pressed by the defendant; and (3) whether enforcing the waiver would work a miscarriage of justice.

*United States v. Goodson*, 544 F.3d 529, 536 (3d Cir. 2008)  (citation and internal quotation marks omitted).

When considering the effect of an appellate waiver, we must first determine whether the waiver was entered knowingly and voluntarily.  *See United States v. Mabry*, 536 F.3d 231, 237-38 (3d Cir. 2008).  Here, the district court thoroughly explained the extent to which the plea agreement limited Phillips's  right to appeal, and Phillips assured

3

the court that he fully understood the effect of the appellate waiver and that he was pleading guilty of his own free will after discussing the matter fully with counsel whose representation he was completely satisfied with.  He had no questions and explained that his attorney had also gone over the waiver with him. We are therefore completely satisfied that Phillips's plea was knowing and voluntary.

In *United States v. Khattak*, 273 F.3d 557 (3d Cir. 2001), we held that appellate waivers are enforceable, but we allowed for  "an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver."  *Id*. at 562.   However, nothing on this record suggests that this falls into that rare category.

Pursuant to the terms of his waiver, Phillips is permitted to appeal from the district court's finding that he is an armed career criminal, and he has raised that issue based on the purported lack of evidence concerning his 2003 drug conviction.  However, as the government notes, other than a challenge to the ACCC, he is only allowed to argue that the sentence exceeds the statutory maximum on any count  or that the district court improperly imposed an upward departure or variance.  None of those issues are present.

Phillips also contends that his sentence should be vacated because of procedural deficiencies in the sentencing hearing. Specifically, he contends that the district court did not adequately explain the within-guideline sentence it imposed, that the district court should have continued the sentencing hearing to allow his counsel to review the reverse side of a bill of information concerning his 1997 drug trafficking conviction, and that the district court should have allowed his counsel to address the court once again after Phillips had spoken.  Each of those claims is meritless.

4

## A. The armed career criminal classification is not erroneous.

At the sentencing hearing, Phillips did not challenge the adequacy of the proof of his 2003 drug conviction. Thus, his challenge here is reviewed for plain error. *United States v. Couch*, 291 F.3d 251, 252-53 (3d Cir. 2002).

As explained above, the government produced certified copies of the records of all three of Phillips's predicate convictions. The records of his 2003 conviction clearly showed that Phillips was convicted of unlawful manufacture, delivery, or possession with intent to distribute or deliver a controlled substance, in violation of 35 P.S. § 780-113(A)(30), and that he was sentenced to a term of five to ten years imprisonment. The simple fact that he received a maximum sentence of ten years imprisonment proves that the offense of conviction was punishable by at least ten years imprisonment and was, therefore, a "serious drug offense" under 18 U.S.C. § 924(e)(1).

## B. The sentence was procedurally unreasonable.[3]

Phillips argues that his sentence was unreasonable because the district court "failed to consider the materiality of factors set forth in 18 U.S.C. [§] 3553, in sentencing" him. Phillips's Br. at 20. More specifically, Phillips submits that the district court failed to take into consideration his difficult childhood and his physical condition.

---

[3] We review the district court's sentence for procedural and substantive reasonableness under an abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 46 (2007); *United States v. Booker*, 543 U.S. 220, 261 (2005). The party challenging the sentence has the burden of showing its unreasonableness, and we give due deference to the district court's judgment. *United States v. Cooper*, 437 F.3d 324, 330-32 (3d Cir. 2006).

Although arguments "B" through "D" may be waived, we choose to address them on the merits.

In determining the appropriate sentence, the sentencing court must first select the applicable Guideline range after disposing of any motions, and any non frivolous arguments of counsel. It must then consider the various sentencing factors codified at 18 U.S.C. § 3553(a). *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006). The court is not required to make findings as to each § 3553(a) factor "if the record otherwise makes clear that the court took the factors into account." *United States v. Lessner*, 498 F.3d 185, 203 (3d Cir. 2007) (citation omitted).

The record here shows that the district court adequately considered the § 3553(a) factors. The district court acknowledged that it had received and read Phillips's sentencing memorandum in which Phillips described at length his difficult childhood. The court expressed some sympathy for the defendant's difficult background, but the court also expressed appropriate concern for the nature and seriousness of the crime, commenting on both the vulnerability of the victim of the assault and the seriousness of the harm that firearm offenses cause to the community. The court nevertheless empathized with Phillips. The court told him: "I regret that life has been hard on you, I really do," but noted that Phillips's past crimes had caused harm to others. The court stated, "it's with a very heavy heart that I see somebody like you before me and facing – you know, this could be life imprisonment."

Nevertheless, the court properly concluded it could not readily ignore the violent nature of the offense of conviction and Phillips's prior conviction for a "brutal" rape. The court noted that Phillips committed two drug trafficking crimes, one shortly after committing the rape and the other not long after he was granted parole. It stated:

"Palpably, society must protect itself from recidivists like the defendant." Finally, the court noted that Phillips was "certainly a candidate for an upward variance," but based on his age, it chose to impose a sentence within the guidelines range.

Although the district court did not expressly delineate the § 3553(a) factors in its discussion, it is clear from the record that the district court did consider the relevant § 3553(a) factors in imposing the sentence. Accordingly, we find that the district court's sentence was not procedurally unreasonable.

**C. The district court allowed counsel adequate time to review the 1997 conviction.**

In arguing that the court did not allow his counsel enough time to review the reverse side of the bill of information relating to his 1997 drug conviction, Phillips misstates the facts. When the government produced the certified records of Phillips's convictions at sentencing and his trial counsel claimed that he had not previously seen the back of the bill of information,[4] the district court offered Phillips's counsel a continuance. Phillips's counsel declined noting that Phillips was "not at all prejudiced" by proceeding with the sentencing, and counsel conceded that the certified records clearly identified the drug involved as cocaine thus establishing that the 1997 conviction was a predicate for armed career criminal status.

**D. The district court afforded counsel an opportunity to be heard.**

Phillips contends that the district court denied him due process because it failed to give his trial counsel an opportunity to comment on matters relating to the sentence, in

---

[4] The government contended at the sentencing hearing, and continues to contend here, that a copy of both sides of the bill of information for the 1997 drug conviction had been sent to Phillips's counsel several weeks before the sentencing.

violation of Fed.R.Crim.P. 32.  Phillips notes that at the sentencing hearing, after he addressed the district court and prior to this imposition of sentence, his trial counsel asked the court, "May I be heard, your Honor."  The district court responded:

> Yes, you're certainly welcome to support your client, that's for sure.  And, you know, as I said to you when you pled guilty, sentencing in Federal Court is complicated business and you certainly got a hefty dose of that this morning.

However, Phillips further notes that immediately after saying that, the district court imposed its sentence upon him.  Nonetheless, after imposing the sentence, the following exchange took place between his trial counsel and the court:

> Trial Counsel: Correct. Your Honor, perhaps I didn't make myself clear.  What I wanted to do before the Court imposed sentence was to address the Court on sentence.
>
> Court: Oh.
>
> Trial Counsel: However, briefly.
>
> Court: Well, he had the last word, I'm sorry, I have to give him the last word, as you know.

Phillips contends that his trial counsel wanted to present argument to the district court on the 18 U.S.C. § 3553(a) factors, but the court denied him that opportunity, thereby denying him due process in violation of Rule 32.

Two subsections of amended Rule 32 concern defense counsel's right to address the court at sentencing.  Rule 32(i)(1)(C) concerns the presentence report and provides that the court "must allow the parties' attorneys to comment on the probation officer's determinations and on other matters relating to an appropriate sentence."  Rule 32(i)(4)(A)(i) states that "[b]efore imposing sentence, the court must . . . provide the

8

defendant's attorney an opportunity to speak on the defendant's behalf." We can therefore assume that Phillips argument is based on Rule 32(i)(4)(A)(i).

Our review of a district court's compliance with Fed.R.Crim.P. 32 is plenary. *United States v. Cherry*, 10 F.3d 1003, 1013 (3d Cir. 1993). If a defendant objects to a Rule 32 error, we may conduct a harmless error analysis. A non-constitutional error is harmless where the government establishes that "it is highly probable that the error did not contribute to the judgment." *United States v. Stadtmauer*, 620 F.3d 238, 265-66 (3d Cir. 2010) (citation and internal quotation marks omitted). The "high probability" standard "requires that [the court] have a sure conviction that the error did not prejudice the defendant[]," but does not require the government to disprove every reasonable possibility of prejudice. *Id*. at 266 (citation omitted).

Here, assuming *arguendo* that the court violated Rule 32 (i)(4)(A)(i), we have no doubt that any such error was harmless. This was an "egregious case." Phillips used an illegally possessed hand gun to bludgeon a disabled man in the man's own home. The district court saw the videotape of the beating and made a first-hand evaluation of the nature and severity of the assault.

Phillips's criminal history, which included a rape, confirmed his violent nature. The dates of his drug trafficking convictions, which occurred while he was on bail in the rape case and not long after his release, plainly showed that his exposure to the justice system had not deterred him in the least bit from criminal conduct.

Moreover, the district court was fully aware of Phillips's mitigating information. The PSR described his background of childhood deprivation and abuse. In his

9

sentencing memorandum, which the district court acknowledged having read, Phillips's counsel argued for leniency based on Phillips's deprived and abusive childhood. It also detailed that positive changes that Phillips claimed to have made and to be making in his life. His sister, his fiancée and Phillips himself addressed the district court, making the same assertions and asking for leniency.

Moreover, Phillips does not claim that there is anything his counsel could have said to the district court that would have persuaded the district court to impose a lower sentence. Indeed, the district court said had considered Phillips to be "a candidate for an upward variance," but it exercised leniency and sentenced Phillips to less than the maximum advisory guideline range. It appears that the court did that based on its consideration of Phillips's very real hardships even though Phillips now claims the court ignored those hardships in imposing sentence.

### III. CONCLUSION

For all of the above reasons, we will affirm the district court's judgment of sentence and conviction.