

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2002

# USA v. Couch

Precedential or Non-Precedential: Precedential

Docket No. 01-1826

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Couch" (2002). *2002 Decisions.* Paper 284.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/284

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed May 20, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1826

UNITED STATES OF AMERICA,

v.

BRYAN COUCH,
        Appellant

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 00-cr-459-01

District Judge: Honorable Harvey Bartle, III

Argued: January 18, 2002

Before: SCIRICA, ROSENN, Circuit Judges, and
KANE,* District Judge.

(Filed: May 20, 2002)

        MICHAEL L. LEVY, ESQUIRE
        ROBERT A. ZAUZMER, ESQUIRE
        ROBERT GOLDMAN, ESQUIRE
          (ARGUED)
        Office of United States Attorney
        615 Chestnut Street
        Philadelphia, PA 19106
          Counsel for Appellee

_____

* The Honorable Yvette Kane, United States District Judge for the Middle
District of Pennsylvania, Sitting by Designation.

        DAVID L. McCOLGIN, ESQUIRE
          (ARGUED)
        MAUREEN KEARNEY ROWLEY,
          ESQUIRE
        Defender Association of Philadelphia
        Federal Court Division
        Curtis Center, Independence Square
          West
        Suite 540 West
        Philadelphia, PA 19106
          Counsel for Appellant

OPINION OF THE COURT

KANE, District Judge.

Bryan Couch appeals from the District Court's imposition of enhanced sentences under 18 U.S.C. S 924(c)(1)(C). Couch pled guilty to three charges of interference with commerce by robbery in violation of 18 U.S.C. S 1951 (the Hobbs Act) and to three counts of discharging a firearm during a crime of violence in violation of S 924(c)(1). The District Court sentenced Couch to sixty-three months on the robbery counts, to ten years on one firearm conviction and to twenty-five years on each of the others, to be served consecutively.

Couch raises one issue on appeal. He argues that because he entered one guilty plea to six counts of the indictment at the same time, no one conviction is a"second or subsequent" conviction subject to the enhanced sentencing provision of 18 U.S.C. S 924(c)(1)(C). Thus, Couch argues, the District Court erred in imposing enhanced sentences of twenty-five years each for two of the three firearms convictions.

We have jurisdiction pursuant to 28 U.S.C. S 1291 and 18 U.S.C. S 3742(a). Couch's challenge is reviewed for plain error because he failed to raise this objection below. See Fed. R. Crim. P. 52(b); United States v. Knight , 266 F.3d 203, 206 (3d Cir. 2001) ("[W]here a defendant has failed to object to a purported error before the sentencing court, our

2

review on appeal is only to ensure that plain error was not committed."). We will affirm.

I. Facts

Couch admitted to the armed robbery of three different supermarkets in the Eastern District of Pennsylvania on December 20, 1999, April 13, 2000 and June 9, 2000. During the first two robberies, Couch fired his shotgun inside the stores but no one was injured. During his getaway from the third robbery Couch fired his shotgun at a police officer, striking him in the forehead and leg.

On December 4, 2000, Couch pled guilty to three charges of interference with commerce by robbery in violation of the Hobbs Act and to three counts of discharging a firearm during a crime of violence pursuant to S 924(c)(1). The manner in which the District Court invited and accepted his plea form the basis for Couch's argument here. During the colloquy, the District Court asked Couch how he pled "to criminal indictment number 00-459-1, consisting of six counts charging [him] with interference with commerce by robbery, [and] use, carrying, and discharge of a gun during a crime of violence." Couch responded, "[g]uilty," and the District Court concluded by saying, "the Court accepts the plea."

The court below sentenced Couch to sixty-three months on the Hobbs Act counts, to ten years for one of the firearm

counts pursuant to S 924(c)(1)(A)(iii) and to twenty-five years for each of the other two firearm counts pursuant to S 924(c)(1)(C). These sentences were imposed consecutively. In total, the District Court sentenced Couch to 783 months in prison, five years of supervised release, a $600 mandatory special assessment, and restitution of $39,508.94.

II. Discussion

The parties agree that 18 U.S.C. S 924(c)(1) governs Couch's sentence for the three counts of discharging a firearm during a crime of violence. That statute reads, in pertinent part:

3

> (A) [A]ny person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime . . .
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.
>
> . . .
>
> (C) In the case of a second or subsequent conviction under this subsection, the person shall--
>
> (i) be sentenced to a term of imprisonment of not less than 25 years . . .

18 U.S.C. S 924(c)(1) (2000).

The Supreme Court applied the enhanced sentencing provision set forth in S 924(c)(1)(C) in Deal v. United States, 508 U.S. 129 (1993). As in this case, Deal was charged in one multi-count indictment for unrelated offenses occurring on different dates. Deal was convicted by a jury of six armed robberies he committed over a four month period in 1990. Deal, 508 U.S. at 130. Among the charges of which Deal was convicted were six counts of carrying and using a firearm during the robberies in violation of S 924(c)(1). Id. At sentencing, Deal received the standard penalty for one count pursuant to S 924(c)(1)(A)(iii) and the enhanced penalty set forth in S 924(c)(1)(C)(i) for each of the other five. Id.

On appeal, Deal argued that the statute is ambiguous because the word "conviction" in S 924(c)(1)(C) could refer to either the verdict of guilt or the entry of final judgment of conviction. Deal asked the Court to construe the word "conviction" in S 924(c)(1)(C) leniently so as to mean the entry of final judgment, which includes both the adjudication of guilt and sentence. Because only one entry of final judgment, albeit with multiple counts, had been entered in his case, Deal reasoned that there was no

"second or subsequent" conviction meriting the enhanced sentence.

The United States Supreme Court rejected Deal's argument and the support for it articulated in the dissent.

The dissent in Deal opined that Congress intended S 924(c)(1) to punish recidivists, not first-time offenders with multiple counts. The dissent found "no ambiguity in the phrase 'subsequent conviction' as used inS 924(c)," and would have held that the phrase "second or subsequent conviction" referred to a conviction for an offense committed after a prior conviction under the statute had become final. Deal, 508 U.S. at 141 (Stevens, J., dissenting).

The majority soundly rejected this argument, holding that the word "conviction" in S 924(c)(1)(C), the second or subsequent of which merits an enhanced sentence, refers to the finding of guilt by a judge or jury. Deal , 508 U.S. at 132. Because the jury found Deal guilty of eachS 924(c)(1) count, presumably one at a time, every count after the first was subject to the enhanced penalty because it was a second or subsequent finding of guilt. Id.

Our analysis begins, as it must, with the Supreme Court's definition of the word "conviction" as a finding of guilt. Unlike Deal, before us is a plea of guilt rather than a finding of guilt by a jury or judge. This difference need not detain us long. Inasmuch as a plea of guilt is the moment when the defendant declares himself guilty, for our purposes here, it is equivalent to the same declaration made by a judge or jury.

Couch does not dispute that under Deal he incurred three S 924(c)(1) convictions at the moment he entered a guilty plea. However, because the District Court did not take the plea for each count separately, Couch argues that there is no "second or subsequent conviction." Instead, the District Court referred to the indictment number, described its contents as, "six counts charging [him] with . . . use, carrying, and discharge of a gun during a crime of violence," and asked Couch how he pled. Couch said "guilty" once in response, and the District Court accepted his plea. As a result, Couch argues, none of his convictions qualifies to enhance his sentence under S 924(c)(1) because none followed any of the others in time, order or succession. Should he prevail with this argument, Couch should receive only the ten year penalty of S 924(c)(1)(A)(iii) for each of the three counts, shaving 30 years from his sentence.

This case falls within the very crevasse that the majority in Deal was convinced its holding had sealed. The Supreme Court presented the issue thusly:

> [Deal] also argues that the terms "second" and
> "subsequent" admit of at least two meanings--next in
> time and next in order or succession. That ambiguity is
> worth pursuing if "conviction" means "judgment," since
> a judgment entered once-in-time can (as here) include
> multiple counts. The point becomes irrelevant,
> however, when "conviction" means (as we hold) a
> finding of guilt.

Deal, 508 U.S. at 133 n.1. By way of support the Supreme Court asserted, without explanation, that "findings of guilt on several counts are necessarily arrived at successively in time." Id. (emphasis supplied).

The Government reads this language as controlling, and urges us to hold that Couch's pleas were "subsequent" and "successive" based on the language of Deal alone. That position rests on the Government's contention that the Supreme Court's statement that "findings of guilt on several counts are necessarily arrived at successively in time" is a statement of law whereby simultaneous admissions of guilt are to be considered automatically to be "second or subsequent." Couch reads the very same language of Deal to require convictions that follow one another in time, order or succession. We read the language to mean that, as a matter of course, Courts always enter findings of guilt on multiple counts successively. The rest of the footnote makes clear this "fact" was the grounds for the Supreme Court's belief that it would not have to address the meaning of "second or subsequent." The statement is also dicta, leaving for this Court a question that the Supreme Court did not reach in Deal -- the definition of "second or subsequent" under S 924(c)(1)(C). We take our guidance not from footnote number one of Deal, but from the statute itself.

Section S 924(c)(1)(C) imposes the enhanced sentence "[i]n the case of a second or subsequent conviction under [that] subsection . . . ." Couch reads into the statute a limitation based on when the multiple convictions occur. It is true

6

that the phrase "second or subsequent" can have the meaning Couch assigns to it; only next in time, order or succession. However, "second or subsequent" can also be used to refer to each item in a group in excess of one. From the plain language of the statute, with the definitions assigned to it in Deal, it is clear that "second or subsequent" is a quantitative term that references each individual conviction except for one.

Couch's reading of the statute is even more implausible than the one advanced in Deal. Indeed the only cognizable argument in support of it is the very analysis that was rejected in Deal -- that Congress meant to punish only those offenders who did not "learn their lessons." Deal, 508 U.S. at 136. It is likely that Congress meant instead to

protect our communities from violent criminals who repeatedly demonstrate a willingness to employ deadly weapons by punishing them more harshly. Indeed, in Deal, the Supreme Court addressed an argument parallel to Couch's, that the sequence of qualifying events is critical, and rejected it, finding that the statute does not require that the offense used to enhance a penalty occur after the charge on which a defendant is sentenced.

> It seems to us eminently sensible to punish the second murder, for example, with life in prison rather than a term of years-- whether or not conviction of the first murder (or completion of the sentence for the first murder) has yet occurred.

Deal, 508 U.S. at 136-37.

Absurd results flow from Couch's reading. It would create an odd rule whereby defendants whose guilty pleas are taken serially for each count will be subjected to much harsher sentences than equally culpable defendants who plead guilty to multiple counts simultaneously. Couch attempts to analogize the rule he proposes to the requirement that a prosecutor must file a notice of prior conviction pursuant to 21 U.S.C. S 851 in order to impose an enhanced penalty for certain drug offenses. We are unpersuaded.

Couch's argument pits hypertextual analysis of the language of Deal and the statute against common sense

7

and rationale in Deal. Couch pled guilty to three counts of discharging a firearm during three Hobbs Act robberies. Couch's indictment, which was incorporated by reference into the District Court's statement inviting his plea, listed the counts successively for violations which clearly occurred one after another in time. Couch was convicted for discharging his shotgun when he robbed one supermarket on December 20, 1999, for discharging his shotgun during another supermarket robbery on April 13, 2000, and for the same act at a third supermarket on June 9, 2000. Couch's entry of plea satisfies the Deal requirement for multiple convictions.

This Court has sustained enhanced sentences under S 924(c)(1) in similar circumstances. In United States v. Casiano, 113 F.3d 420, 426 (3d Cir. 1997), this Court held that it matters not whether multiple S 924(c)(1) counts arise out of the same criminal episode or out of the same act, or whether they are charged in a single indictment. Pursuant to Deal, this Court followed the directive of S 924(c)(1)(C), which focuses only on whether there was a "second or subsequent conviction." Casiano, 113 F.3d at 425-26; See United States v. Coates, 178 F.3d 681, 683 (3d Cir. 1999) (enhancement permitted where second or subsequent weapons conviction was charged in same indictment). Also instructive is the Eighth Circuit Court of Appeals' recent

decision in United States v. Street, 257 F.3d 869, 870 (8th Cir. 2001), regarding Congress's use of exactly the same phrase in another sentencing statute. In Street , the defendant's pleas and convictions for two counts of taking bald and golden eagles in violation of 16 U.S.C.S 668 were entered simultaneously. That statute provides an enhanced penalty "in the case of a second or subsequent conviction for a violation of [that] section," language which echoes the language of S 924(c)(1)(C) at issue here. 16 U.S.C. S 668(a) (2000). Pursuant to Deal, the court ruled that the enhanced sentence was proper for one of that defendant's two convictions.

This Court cannot conclude that Congress intended to punish defendants with multiple serial convictions more harshly than those with multiple simultaneous convictions. Nor can we read the selected quotes from Deal  so narrowly

8

as to undermine the Supreme Court's interpretation of S 924(c)(1). Following Deal, we agree with the Sixth Circuit Court of Appeals that "two distinct violations of the statute trigger the subsequent sentence enhancement provisions of S 924(c)(1). Thus, the commission of two violations of S 924(c)(1) would result in [the sentence provided in S 924(c)(1)(A)(iii)] for the first conviction and [the enhanced penalty of S 924(c)(1)(C)(i)] for the second S 924(c)(1) conviction. " United States v. Nabors, 901 F.2d 1351, 1358–59 (6th Cir. 1990) (emphasis added). See United States v. Stewart, 283 F.3d 579 (3d Cir. 2002) (concluding that the enhanced sentence applies when multiple convictions are entered simultaneously).

We therefore hold that the phrase "second or subsequent" in 18 U.S.C. S 924(c)(1)(C) refers to each conviction in excess of one. In the case of multiple S 924(c)(1) convictions, whether entered simultaneously or serially, the standard penalty provided in S 924(c)(1)(A)(iii) should be assigned to one and the enhanced penalty set forth in S 924(c)(1)(C)(i) applies to every other.

III. Conclusion

For these reasons, the judgment and sentence of conviction will be affirmed.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

9