

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2003

# USA v. Forrest

Precedential or Non-Precedential: Non-Precedential

Docket 02-2860

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Forrest" (2003). *2003 Decisions.* Paper 631.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/631

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————————

No: 02-2860

————————

UNITED STATES OF AMERICA

v.

BRUCE FORREST,
                              Appellant

————————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania

District Court Judge: The Honorable Jay C. Waldman
(D.C. Civil No. 00-cr-00066-5)

————————

Submitted Under Third Circuit L.A.R. 34.1(a)
April 11, 2003

Before: ALITO, FUENTES, and PISANO* <u>Circuit Judges</u>

(Opinion Filed: April 23, 2003)

————————

OPINION OF THE COURT

————————

———————

*Honorable Joel A. Pisano, United States District Judge for the District of New
Jersey, sitting by designation.

<u>FUENTES</u>, Circuit Judge:

Appellant Bruce Forrest ("Forrest") appeals his mandatory sentence of 240 months imprisonment imposed by the United States District Court for the Eastern District of Pennsylvania pursuant to 21 U.S.C. § 841(b)(1)(A). Forrest claims that the District Court should have departed downward from the statutory minimum sentence based on the age of the prior conviction that triggered the enhanced penalty provision of § 841(b)(1)(A). Because we conclude that the District Court lacked the authority to do so, we affirm the Judgment of July 1, 2002, sentencing Forrest to 240 months imprisonment.

## I. Facts and Procedural History

Because we write solely for the parties, our review of the factual background is limited to that which is necessary to inform our opinion today. Between October 19, 1999 and January 14, 2000, Forrest and four co-defendants met with an undercover police officer on approximately four occasions and sold him "crack" cocaine. Two of those sales took place at 4804 Tackawanna Street in Philadelphia, which is located within 1,000 feet of the Whitehall Public Housing Development.

On May 3, 2000, Forrest appeared before the United States District Court for the Eastern District of Pennsylvania and, pursuant to the terms of a written plea agreement, pleaded guilty to one count of conspiracy to distribute "crack" cocaine, one count of distribution of "crack" cocaine and aiding and abetting, and two counts of distribution of "crack" cocaine within 1,000 feet of a public housing project. Forrest stipulated that he distributed, or aided and abetted the distribution of, between 150 and 500 grams of "crack" cocaine.

2

At the time of sentencing, on June 27, 2002, the Government filed a Superseding Information Charging Prior Offense based on a felony drug conviction entered by the Philadelphia Court of Common Pleas on or about March 30, 1977. Because Forrest's offense involved more than 50 grams of "crack" cocaine and occurred after a separate felony drug conviction, the District Court imposed the mandatory minimum sentence of twenty years imprisonment under § 841(b)(1)(A).

## II. Jurisdiction and Standard of Review

The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction under 28 U.S.C. § 1291 over a final decision of a district court. As Forrest neglected to raise this challenge at sentencing, we review the District Court's refusal to depart below the mandatory minimum sentence for plain error. United States v. Couch, 291 F.3d 251, 252-53 (3d Cir. 2002).

## III. Discussion

Forrest argues that just as a sentencing court may depart downward under the sentencing guidelines if a defendant's career offender status "overrepresents" his criminal history, a sentencing court should also be permitted to depart from "other sentencing mandates" that cause an "overrepresentation" of criminal history. Basically, Forrest claims that, because his prior conviction from 1977 occurred so long ago, the District Court should not have considered it in determining whether the mandatory minimum provision of § 841(b)(1)(A) applied to his case.

Unlike the sentencing guidelines, § 841(b)(1)(A) provides no general authority for a

3

departure, nor any authority to depart based on the age of a prior conviction.  Sentencing courts may depart below the statutory mandatory minimum only if particular requirements are met, including the condition that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f).  Unfortunately, Forrest fails to meet this requirement.

Even if we were to agree that the resulting sentence imposed under § 841(b)(1)(A) is harsh, "[w]e have no constitutional authority to adopt a new exception to the mandatory minimum penalty requirements of 21 U.S.C. § 841, 844, and 846." United States v. Valencia-Andrade, 72 F.3d 770, 774 (9th Cir. 1995).  "The Supreme Court [has] instructed federal courts to resist the temptation to extend the reach of a statute beyond the express intention of Congress, to avoid a harsh result." Id.  In sum, this Court lacks any basis on which to reduce Forrest's sentence.

## IV.  Conclusion

Accordingly, for the reasons stated above, we affirm the judgment of the District

4

Court.

/s/  Julio M. Fuentes
Circuit Judge