

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-22-2004

# USA v. Phyllian

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2843

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Phyllian" (2004). *2004 Decisions.* Paper 788.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/788

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-2843

———

UNITED STATES OF AMERICA

v.

ROBERT PHYLLIAN,
a/k/a DAVID ROBINSON

ROBERT PHYLLIAN,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 01-cr-00748)
District Judge: Hon. Eduardo C. Robreno

———

Submitted under Third Circuit LAR 34.1(a)
April 2, 2004

Before: ALITO, FISHER and ALDISERT, Circuit Judges.

(Filed :    April 22, 2004  )

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

Because we write only for the parties who are familiar with the facts, the

procedural history and the contentions presented, we will not recite them except as necessary to the discussion. This appeal by Robert Phyllian requires us to decide whether his sentence should be set aside and the proceedings remanded for resentencing with instructions to the district court to consider anew the extent of the downward departure. We conclude that there was no plain error, and we will affirm.

I.

In the plea agreement, Phyllian stipulated that he was both a career offender and an armed career criminal. In the Presentence Investigation Report, Phyllian was given a two-point reduction for acceptance of responsibility, bringing his total offense level from 34 to 32.  His criminal history category was VI.  Accordingly, the Guidelines yielded a sentence range of 210 to 262 months, plus a mandatory consecutive 60 months on count three, making Phyllian's total exposure to imprisonment from 270 to 322 months.

The district court granted the government's departure motion for substantial assistance in other investigations and reduced Phyllian's offense level to 28.  The district court sentenced Phyllian on September 27, 2002 to a term of imprisonment of 175 months on count one, 120 months on count two, 60 months on count three and 175 months on count four, all to be served concurrently.

Phyllian now contends that he should be resentenced because the district court erroneously implied during the sentencing hearing that Phyllian was subject to a 10-year mandatory minimum sentence when in fact the only applicable statutory mandatory

minimum was 15 years on the armed career criminal count.  See 18 U.S.C. § 924(e).

II.

Because Phyllian did not raise his objection before the district court, we review the sentence for plain error.  United States v. Couch, 291 F.3d 251, 252-253 (3d Cir. 2002).  If we determine that there is (1) an error (2) that is plain and (3) the error affected substantial rights, then we may exercise our discretion to correct the error, but only if (4) "the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  United States v. Olano, 507 U.S. 725, 732 (1993) (internal quotation marks, alterations and citations omitted).

Phyllian contends that "[a]lthough Mr. Phyllian was subject to mandatory statutory minimums of 15 years and a consecutive 5 years, he did not face yet a third, 10-year, mandatory minimum."  (Br. for Appellant at 12-13.)

During the colloquy at issue here, the district judge and the Assistant U.S. Attorney discussed only two offenses that carried mandatory sentences – the armed career criminal (15-year mandatory minimum) and carrying a firearm during a drug trafficking crime (five years mandatory consecutive).  It is clear to us that the district judge merely misspoke when he referred to a mandatory minimum sentence of 10 years.  The Assistant U.S. Attorney may have erroneously remarked that there was a mandatory minimum sentence "[o]n the drugs," (App. at 71a), but the district court did not make the same mistake when it came to imposing the sentence.

A fair reading of the record does not persuade us that the court operated on the assumption that there was a third mandatory minium of 10 years for the drug offenses as contended by Appellant. The district court merely misstated the term of the mandatory minimum for an armed career criminal as 10 years rather than 15 years. Nor did the government suggest the presence of a third mandatory minimum. The record indicates:

> MS. WINTER: There are two operative mandatories here. One is the fifteen mandatory for the armed career criminal which is subsumed by the other guidelines –
> THE COURT: Yeah.
> MS. WINTER: – and actually becomes the relevant five-year consecutive mandatory.
>
> * * * * *

Thereafter two lines of colloquy appear where each of the parties thereto made slips of the tongue: the court misspoke on the minimum as 10 years, and the government attorney did the same when she said it applied to drugs:

> THE COURT: – and there is a ten-year mandatory minimum?
> MS. WINTER: On the drugs, yes.

A moment previously the government attorney had advised the court that the minimum was 15 years and that it applied only to the armed career criminal offense.

We hold that the sentence will stand because any misstatements during the colloquy at issue did not affect Phyllian's substantial rights, applying the plain error standard. Phyllian ultimately received a final sentence of less than 15 years.

We have considered all contentions raised by the parties and conclude that no further discussion is necessary.

4

The judgment of the district court will be affirmed.