

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-23-2004

# USA v. Carter

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2491

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Carter" (2004). *2004 Decisions.* Paper 786.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/786

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Nos. 02-2491 and 02-3068

UNITED STATES OF AMERICA

v.

ANGELO CARTER,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 00-00024-13)
Honorable Ronald L. Buckwalter, District Judge

Submitted under Third Circuit LAR 34.1(a)
April 22, 2004

BEFORE: SCIRICA, Chief Judge, and ROSENN and GREENBERG, Circuit Judges

(Filed: April 23, 2004)

OPINION OF THE COURT

GREENBERG, Circuit Judge.

A grand jury returned a superseding indictment charging Angelo Carter in three

counts with: count one, conspiracy to distribute and to possess with intent to distribute

more than 50 grams of crack cocaine base, more than 100 grams of a mixture or substance

containing a detectable amount of heroin, and cocaine, marijuana, and phencyclidine within 1,000 feet of a public housing project in violation of 21 U.S.C. § 846; count two, conspiracy to travel in interstate commerce to commit murder in violation 18 U.S.C. § 1958(a); count three, conspiracy to affect commerce by robbery in violation of 18 U.S.C. § 1951(a), (b)(1), and (b)(3). Carter pleaded not guilty but a jury convicted him on all three counts at the ensuing trial.

In calculations, which neither party challenges on this appeal, the district court concluded that Carter's total offense level was 37 which, when combined with his criminal history category of IV, yielded a sentencing range of 292 to 365 months. The court sentenced Carter to a custodial term of 292 months to be followed by a ten-year term of supervised release.

Carter appeals, summarizing his argument as follows:

> Appellant challenges the amount of drugs attributed to him during the course of the conspiracy. This challenge is two fold. Appellant contends that in his diminished role as a 'gatekeeper' he should not be deemed as culpable as the others. Essentially that there should be a further departure for this diminished role pursuant to U.S.S.G. Section 5K2.0.

> Appellant challenges the sufficiency of the evidence on Count two and Count three of the indictment. Appellant's presence during the planning of the robbery/murder plot and wiping of bullets was insufficient to establish his participation as a co-conspirator.

Appellant's br. at 10. We note, however, that notwithstanding Carter's request for "a further departure" from the guideline range, the court never departed in the first place, though it did make calculations in establishing that range that were in part favorable to

2

Carter.

Our standards of review on this appeal are well settled. On the sufficiency of the evidence argument we view the evidence in the light most favorable to the government as the verdict winner and will sustain the conviction if there was substantial evidence to support it so that the jury could have found him guilty beyond a reasonable doubt. See United States v. Pungitore, 910 F.2d 1084, 1129 (3d Cir. 1990). With respect to the departure argument because, as Carter acknowledges, he did not raise the contention in the district court we review the claim on a plain error basis. See United States v. Couch, 291 F.3d 251, 252-53 (3d Cir. 2002).

We have reviewed this matter and have concluded that there is no merit to either of Carter's contentions. Indeed the evidence shows that Carter was at the heart of the conspiracy and thus United States v. Pressler, 256 F.3d 144, 153 (3d Cir. 2001), which he correctly cites for the proposition that tangential connections among various persons are not sufficient to establish the existence of a conspiracy, appellant's br. at 21, is not helpful to him. Finally, the court did not commit a plain error or any error at all in not departing downward. Moreover, as the government suggests, see appellee's br. at 34, "there is no basis for meaningful appellate review of a district court's failure to grant an unrequested departure," at least to the extent that the appellant's argument is based on factual contentions as determinations of fact can be reviewed only for clear error. See United States v. Carr, 25 F.3d 1194, 1207 (3d Cir. 1994).

3

The judgment of conviction and sentence entered May 28, 2002, and the order denying Carter's motion for a judgment of acquittal and a new trial entered July 29, 2002, will be affirmed.