NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2873
_____

UNITED STATES OF AMERICA

v.

OWSHADRAM MOHABIR,
                                        Appellant
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 3-10-cr-00215-001)
District Judge: Honorable Joel H. Slomsky
_____

Submitted Under Third Circuit LAR 34.1(a)
January 11, 2013

Before:  RENDELL, FISHER and JORDAN, Circuit Judges

(Opinion Filed: January 17, 2013)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

    Owshadram Mohabir appeals his conviction for conspiracy to transport and

possess stolen motor vehicles and goods in violation of 18 U.S.C. § 2313 and § 2315,

and his resulting sentence.[1]  Specifically, Mohabir presents four issues on appeal: (1)

that the evidence presented at trial was insufficient to support a finding of guilt beyond

---

[1] The District Court had subject matter jurisdiction pursuant to 18 U.S.C. § 3231.  This
Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

a reasonable doubt; (2) that the District Court improperly determined the amount of loss attributable to Mohabir for sentencing purposes; (3) that the District Court improperly found that Mohabir's criminal activity was part of an organized scheme; and (4) that the District Court improperly determined Mohabir's criminal history category. For the reasons that follow, Mohabir's arguments are without merit, and we will therefore affirm his conviction and sentence.

Mohabir was convicted by a jury of one count of a four-count indictment essentially charging that he, as owner of All Models Forklift Corporation, a sales and repair shop for heavy machinery, acted as a "fence" for stolen heavy equipment by engaging in a multi-year, multi-state conspiracy with, *inter alia*, Orlando Perez. He contends that there was insufficient evidence to support the conviction. Mohabir faces a heavy burden in making this argument, for we must view the evidence in the light most favorable to the government and will uphold the verdict if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Voight*, 89 F.3d 1050, 1080 (3d Cir. 1996) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)) (emphasis in original).

The government was required to prove the elements of the offense, namely, that Mohabir had conspired (1) to receive, possess, store and sell stolen motor vehicles, which vehicles had crossed a State boundary after being stolen, knowing the same to have been stolen, in violation of 18 U.S.C. § 2313; and (2) to receive, possess, store

and sell certain stolen goods of a value of $5,000 or more, which goods had crossed a State boundary after being stolen, knowing the same to have been stolen, in violation of 18 U.S.C. § 2315. The evidence presented at trial included testimony of investigators, testimony of Perez, who was a cooperating unindicted co-conspirator, audio and visual recordings of a meeting between Mohabir and Perez, and testimony of an All Models Forklift employee who testified as to his knowledge that the pieces of equipment at issue were stolen. In light of this evidence, we cannot conclude that Mohabir has satisfied his burden and, therefore, his conviction must stand. Mohabir's protestations as to how he believes the jury "should" have viewed the evidence are unavailing. The jury could easily have found, and clearly did find, that the evidence was sufficient to convict Mohabir of the crimes charged.

Regarding his sentence, Mohabir contends that the District Court improperly (1) calculated the loss amount, (2) applied the enhancement at U.S.S.G. § 2B1.1(b)(13)[2] for an offense involving an organized scheme, and (3) determined his criminal history category by including five misdemeanor convictions then on appeal.

Mohabir argues that the Court improperly considered acquitted conduct in calculating the loss amount of $343,450, which increased his offense level to 12. However, it is clear that the trial courts are not so constrained at sentencing, and even

---

[2] The Presentence Report used the 2010 version of the United States Sentencing Guidelines and cited the relevant provision as U.S.S.G. § 2B1.1(b)(12). (A784; *see also* A676.) In the current version of the Guidelines, that provision can be found at U.S.S.G. § 2B1.1(b)(13).

aquitted conduct can be considered relevant conduct at sentencing if based on reliable evidence. *United States v. Watts*, 519 U.S. 148, 154 (1997). There was testimony as to Perez's having sold 30 to 40 machines to Mohabir between 2004 and 2010. We agree with the government that assessing the loss at $343,450, and thus in excess of $200,000 but below $400,000, was a conservative loss determination. Loss calculations are reviewed for clear error, *United States v. Jimenez*, 513 F.3d 62, 85 (3d Cir. 2008), and we find no such error in the District Court's ruling.

We similarly find no fault with the District Court's application of the enhancement for an organized scheme pursuant to U.S.S.G. § 2B1.1(b)(13), as it heard extensive evidence as to the breadth of the conspiracy, involving sophisticated methods of stealing over 50 machines over several years and several states.

Lastly, for the first time on appeal, Mohabir challenges the District Court's finding that his criminal history category was V. We review this aspect of the District Court's rulings for plain error. *United States v. Couch*, 291 F.3d 251, 252-53 (3d Cir. 2002). At sentencing he urged that the criminal history category overrepresented the seriousness of his offenses and the District Court agreed, departing downward on that basis. Now, Mohabir urges that a Congressional directive limiting enhancements of penalties for controlled substances offenses prevented the District Court from calculating his starting criminal history category as it did, and this was plain error. We have little difficulty concluding that the District Court properly counted Mohabir's

4

prior convictions – which involved not merely controlled substances, but violent behavior – even though they were not yet final, as the Guidelines clearly direct. U.S.S.G. § 4A1.2(l)  This was not error, let alone plain error.

Accordingly, we will affirm his judgment of conviction and sentence.