NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2740
_____

UNITED STATES OF AMERICA

v.

WILLIAM HENRY THORNTON, JR.,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-11-cr-00253-001)
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a)
March 5, 2013

Before: RENDELL, AMBRO, and VANASKIE, Circuit Judges

(Opinion filed: March 12, 2013)

_____

OPINION
_____

AMBRO, Circuit Judge

In December 2010, police officers responded to a report that one man was pointing

a gun at another outside of the Jazzland Bar in Harrisburg, Pennsylvania. Upon arriving,

1

the officers saw two men facing each other in front of the bar, but did not see a firearm. When the officers approached and identified themselves as police, a foot chase ensued. As they fled, one of the men, later identified as William Thornton, threw a baggie of crack cocaine, and then a firearm, on the ground. Thornton was apprehended, and these items were recovered by police.

In August 2011, a grand jury returned a three-count indictment charging Thornton with possession of cocaine base with intent to distribute, possession of a firearm with an obliterated serial number, and being a felon in possession of a firearm. A trial took place in December 2011. The jury acquitted Thornton of possession of cocaine base with intent to distribute, but found him guilty of the lesser included offense of possession of cocaine base as well as the firearm offenses.

In its presentence report, the Probation Office calculated a Sentencing Guidelines range of 235 to 293 months. Due to his status as an armed career criminal under 18 U.S.C. § 924(e)(1), Thornton faced a mandatory minimum sentence of 15 years. At sentencing, the Court imposed a 235-month term of imprisonment for his conviction as a felon in possession of a firearm.[1] It imposed concurrent terms for the remaining counts.

---

[1] Thornton contends that this sentence was illegal because it exceeds the 15-year mandatory minimum imposed by 18 U.S.C. § 924(e). Because this objection was raised for the first time on appeal, it is reviewed only for plain error. *United States v. Couch*, 291 F.3d 251, 252–53 (3d Cir. 2002). There was no such error in this case. As Thornton recognizes, we have previously held that Section 924(e) implicitly authorizes a maximum term of life imprisonment. *United States v. Mack*, 229 F.3d 226, 229 n.4 (3d Cir. 2000).

On appeal,[2] Thornton asserts that the District Court erred in admitting evidence of a prior state court conviction for drug distribution under Federal Rule of Evidence 404(b). Following the Court's denial of his motion *in limine* to preclude the Government from introducing the conviction, Thornton stipulated at trial that he had previously been convicted of possession with the intent to deliver crack cocaine and that this was a felony punishable by a term of imprisonment exceeding one year. The Court instructed the jury that they were to consider this evidence only for the purposes of deciding whether Thornton had the knowledge or intent necessary to commit the crime of possession with intent to distribute crack cocaine and whether he had been convicted of a crime that could support a conviction for being a felon in possession of a firearm. It repeated this limiting instruction in its final charge to the jury.

Federal Rule of Evidence 404(b) provides in pertinent part:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) Permitted Uses . . . . This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

To be admissible under this rule, evidence of a prior crime must "(1) have a proper evidentiary purpose, (2) be relevant under Rule 402, (3) satisfy Rule 403 (*i.e.*, not be

---

[2] The District Court had subject matter jurisdiction under 18 U.S.C.§ 3231. We have jurisdiction over this timely filed appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

3

substantially more prejudicial than probative), and (4) be accompanied by a limiting instruction, when requested . . . , that instructs the jury not to use the evidence for an improper purpose." *United States v. Cross*, 308 F.3d 308, 320–21 (3d Cir. 2002). We review the Court's admission of evidence under Rule 404(b) for abuse of discretion. *United States v. Butch*, 256 F.3d 171, 175 (3d Cir. 2001).

Thornton does not contend that the evidence was admitted without a proper purpose, was irrelevant, or was not accompanied by an appropriate curative instruction. Instead, he argues that admission of the evidence was unfairly prejudicial under Rule 403. We do not see any basis for holding that the Court abused its discretion in deciding otherwise.

First, Thornton asserts that his prior conviction was too remote to be sufficiently probative because it was based on conduct that occurred approximately eight years prior to the charged offense. Rule 404 does not put any express limit on the time that can elapse between the conduct underlying a prior conviction and the conduct underlying a charged offense, and we have not imposed a limit. It is feasible that a prior conviction could be too distant to be sufficiently probative, but Thornton has not provided any reason why the eight-year lapse makes this the case here. Absent such a reason, we have little trouble agreeing with the Court that evidence of his conviction remains probative. *See, e.g.*, *United States v. Hernandez-Guevara*, 162 F.3d 863, 872–73 (5th Cir. 1998) (holding that an 18-year old conviction was not too stale to be admitted).

Second, Thornton argues that ambiguity in the charging document underlying his state conviction undermines its probative value. According to Thornton,

4

> [i]n this regard, there was certain documentary confusion as to the nature of the prior conviction, *i.e.*, whether it was for a controlled substance or a counterfeit substance. While the criminal information filed in state court averred a crack cocaine offense, the District Court did not undertake any inquiry to ensure that there was consistency between the prior conviction and the current offense.

App. Br. at 14 (citations omitted). While Thornton is correct that the charging document does not distinguish between a charge for delivering a controlled substance and a charge for delivering a counterfeit substance, he admits that "the criminal information filed in state court averred a crack cocaine offense." Indeed, at trial Thornton stipulated that "in 2004 . . . [he] was convicted of possessing with the intent to deliver crack cocaine." The record simply does not establish that his prior conviction was for distribution of a counterfeit substance. In these circumstances, we cannot say the Court abused its discretion in admitting the evidence.

* * * * *

For these reasons, we affirm Thornton's conviction and sentence.

5