NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4230
_____

UNITED STATES OF AMERICA

v.

ROLAND G. MURRELL
Appellant
_____

On Appeal from the
District Court of the Virgin Islands
(D.C. Criminal No. 3-13-cr-00010-001)
District Judge: Honorable Curtis V. Gomez
_____

Argued May 18, 2015

Before:   McKEE, *Chief Judge*, SMITH and SCIRICA, *Circuit Judges*

(Opinion Filed:  March 18, 2016)
_____

OPINION*
_____

Argued for Appellee
Nelson L. Jones, Esq.
Office of United States Attorney
5500 Veterans Building, Suite 260
United States Courthouse
St. Thomas, VI 00802

Argued for Appellant
Clive Rivers
8000 Nisky Shopping Center
Suite 233
St. Thomas, VI  00802

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Chief Judge*.

Roland Murrell appeals his convictions on nine counts of an indictment charging him with numerous offenses. He raises two issues on appeal. He argues that certain evidence was admitted in violation of the *Bruton* rule, and that absent that testimony, the evidence was insufficient to sustain his conviction. He also argues that the district court erred in imposing consecutive sentences. For the reasons provided below, we will affirm.[1]

## I.

Because we write primarily for the parties, who are familiar with this case, we need not discuss the procedural or factual history.[2]

Murrell argues that but for the introduction of a statement that violated the rule of *Bruton v. United States,* 391 U.S. 123 (1968), no reasonable juror could have been convinced of his guilt beyond a reasonable doubt. *Bruton* prohibits the introduction at trial of a prior statement of a non-testifying codefendant. Here, King testified and was subjected to cross examination. The statement was also redacted, and the court gave an appropriate limiting instruction. We realize that King did not testify until after the Government had rested and the court had denied Murrell's motion under Rule 29. At that

---

[1] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Our review of the sufficiency of the evidence is highly deferential. The verdict must be upheld if "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. McGee*, 763 F.3d 304, 316 (3d Cir. 2014) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979) (emphasis in original)). Since Murrell did not object to the sentence, we review the imposition of sentences for plain error. *United States v. Couch*, 291 F.3d 251, 252–53 (3d Cir. 2002).

point, Murrell had not been able to cross examine King and *Bruton* applied. However, we will not now decide if the district court's consideration of King's redacted statement in the Government's case-in-chief violated the rule of *Bruton* because Murrell did not raise that issue prior to the Rule 29 ruling. He also has not made that argument on appeal. Accordingly, the argument would have to rise to the level of plain error before Murrell's *Bruton* claim would justify relief. *Puckett v. United States,* 556 U.S. 129, 135, 129 S. Ct. 1423, 1428–29, 173 L. Ed. 2d 266 (2009). That high standard requires that Murrell establish there was an error, that was plain, and that affected his substantial rights. *United States v. Olano*, 507 U.S. 725, 732, (1993). The quantum of evidence against Murrell here prevents him from satisfying that burden.

The Government presented video evidence that showed Murrell inside the House of Rajah taking Leayle, Sr.'s jewelry out of his pocket and attempting to sell it. The evidence showed that this occurred within hours of the robbery and the shooting of Leayle, Sr. There was testimony from the clerks at Vishnu Jewelers and manager at House of Rajah explaining how Murrell behaved when attempting to sell the gold chain and bracelet. Murrell tried to use a fake name when asked for ID by the clerk. King sat on the side at both stores observing Murrell. Finally, Murrell was observed in the bank cashing the check the manager of the House of Rajah gave to King.

Thus, even if we assumed arguendo that a *Bruton* violation occurred prior to the court's denial of Murrell's Rule 29 motion, Murrell would still not have established plain

error based on any *Bruton* violation.[3]  Thereafter, King was called as a witness and Murrell had an opportunity to cross examine him.  Thus, any issues that may otherwise have arisen under *Bruton* disappeared before the end of trial.[4]

**II.**

Murrell also challenges the district court's decision to impose consecutive sentences.  He was convicted of five substantive crimes under the Virgin Islands Code.[5] He was separately convicted of firearm crimes under the Virgin Islands Code for the use of a firearm in "the commission or attempted commission of a crime of violence." 14 V.I.C. § 2253(a).[6]  He was sentenced to fifteen years for violation of the substantive crimes, and fifteen years for violation of the firearm crimes – both sentences to run consecutively.

The decision to have the sentences run consecutively, rather than concurrently, was clearly within the district court's discretion.  *See* 14 V.I.C. § 2253(a) ("The foregoing applicable penalties provided for the violation of this section shall be *in addition to* the penalty provided for the commission of, or attempt to commit, the felony or crime of violence.") (emphasis added).  In *Government of Virgin Islands v. Douglas*, we held that

---

[3] As we explained in *United States v. Goodson*, 544 F.3d 529, 540 (3d Cir. 2008), relief under the plain error doctrine is discretionary and should only be granted when the record establishes that a miscarriage of justice would otherwise result. *See also* Fed. R. Crim P. 52(b). Clearly, no such miscarriage of justice is established on this record.

[4] We take no position on whether King's testimony and the concomitant opportunity for Murrell to cross examine him negated the existence of a *Bruton* issue when the court denied Murrell's Rule 29 motion.  We also take no position on whether *Bruton* required the district court to rule on Murrell's Rule 29 motion without considering King's redacted statement.

[5] Aiding and Abetting Attempted Murder in violation of 14 V.I.C. §§ 921, 922(a)(1), 331, and 11(a); Aiding and Abetting First Degree Assault in violation of 14 V.I.C. §§ 295(1) and 11(a); Intent to Commit Robbery in violation of 14 V.I.C. §§ 295(3) and 11(a); Aiding and Abetting Robbery in violation of 14 V.I.C. §§ 1861, 1862(1), and 11(a); Conspiracy to Commit Robbery in violation of 14 V.I.C. §§ 551(1) and 552.

[6] Use of a Firearm During the Commission of: (1) an Attempted Murder, (2) a First Degree Assault, and (3) a Robbery in violation of 14 V.I.C. § 2253(a).

the "in addition to" language of an analogous subchapter to § 2253(a) "is consistent with both an intent to mandate consecutive sentences and an intent to allow the sentencing judge to exercise his or her discretion in selecting between consecutive and concurrent sentences." 812 F.2d 822, 833 (3d Cir. 1987) (interpreting 14 V.I.C. § 2251(a)(2)(B)).

Thus, the district court did not abuse its discretion by imposing consecutive sentences.

## III.

For the reasons expressed above, we will affirm the district court.