NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1391
_____

UNITED STATES OF AMERICA

v.

TYREE STEELE,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-20-cr-00121-001
District Judge:  The Honorable Michael M. Baylson

_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 10, 2023

Before: CHAGARES, *Chief Judge*, SCIRICA, and SMITH, *Circuit Judges*

(Filed March 23, 2023)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

SMITH, *Circuit Judge.*

In February 2020, Appellant Tyree Steele walked into a Citizens Bank wearing a ski mask. He then pulled out his wallet and handed the teller a note. When the teller told him she could not read the note, Steele demanded: "empty your top drawer, give me all your money." He also warned her not to push any emergency buttons. After the teller handed over $5,043, Steele fled, accidentally leaving his wallet behind.

At the time of the robbery, Steele was on supervised release for a federal conviction for a series of eight bank robberies he had committed in Pennsylvania and New Jersey in 2010. When he reported to probation for a meeting five days after the Citizens Bank robbery, Steele was arrested. Steele pled guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a).

For purposes of sentencing, the government and the Probation Office recommended that the District Court apply the career offender enhancement under U.S. Sentencing Guidelines § 4B1.1 because Steele had two prior robbery convictions that constituted "crimes of violence." Steele argued, as he does on appeal, that his Pennsylvania robbery conviction under 18 Pa. Cons. Stat. § 3701(a)(1)(ii) was not a crime of violence, thereby rendering him ineligible for the career offender enhancement.

The District Court imposed a 120-month sentence, supported by two alternative rulings. First, the District Court stated that if the enhancement applied, it would grant a downward variance from the Guidelines range of 151–188 months to 120 months. Alternatively, if the enhancement did not apply, the District Court stated that it would impose an upward variance from the Guidelines range of 46–57 months to 120 months.

Steele timely appealed his sentence and raises two issues.[1] First, he argues that the District Court imposed a 120-month sentence for the improper purpose of rehabilitation in violation of 18 U.S.C. § 3582(a) and *Tapia v. United States*, 564 U.S. 319 (2011). Second, Steele argues that his Pennsylvania state court conviction for robbery is not a "crime of violence" under the Sentencing Guidelines and thus does not trigger the career offender enhancement.

I.

Steele did not raise any *Tapia*-based objection before the District Court. We therefore review that issue for plain error. *United States v. Couch*, 291 F.3d 251, 252 (3d Cir. 2002). On plain error review, the appellant must show an (1) error, (2) that is plain or obvious, and (3) that affects the defendant's substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Even if plain error is shown, a court should exercise its discretion to correct the forfeited error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)) (cleaned up).

Under 18 U.S.C. § 3582(a), a sentencing court may not consider the defendant's rehabilitation when imposing or lengthening a sentence. *Tapia*, 564 U.S. at 327. But § 3582(a) does not prohibit judges "from mentioning rehabilitation during the sentencing hearing," and the sentencing court may discuss "the opportunities for rehabilitation

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

within prison or the benefits of specific treatment or training programs." *United States v. Zabielski*, 711 F.3d 381, 391 (3d Cir. 2013) (quoting *Tapia*, 564 U.S. at 334).

The District Court did not plainly err in citing Steele's need to "get rid of drugs" and to "learn . . . to follow rules and regulations" when explaining Steele's sentence. JA 68–69. The District Court no doubt was expressing hope that prison time would help Steele to change his behavior. Section 3582(a) does not bar a sentencing court from expressing such a hope or from mentioning rehabilitation. *See Zabielski*, 711 F.3d at 391. Moreover, the District Court explained that 120 months was an appropriate sentence because Steele's criminal history revealed serious recidivism,[2] disregard for the law, and a sense of "entitle[ment] to money that doesn't belong to [him]." JA 67–68. The District Court also emphasized that bank robbery "is a serious crime" and that Steele "put the bank teller in a sense of fear." *Id.* Considering that the District Court identified these non-rehabilitative factors, our review of the portion of the transcript discussing the benefits of imprisonment does not plainly show that rehabilitation was considered as a factor in the determination of Steele's sentence. Rather, the District Court expressed a hope that the conditions of imprisonment would lead Steele toward a lawful, drug-free life.

---

[2] We do not recount Steele's criminal history in detail because we write only for the parties. We nevertheless note that Steele was convicted in federal court for committing eight bank robberies located in Pennsylvania and New Jersey and was also convicted in Pennsylvania state court for attempting to rob a convenience store at gunpoint.

II.

Turning to the second issue, we need not decide whether Pennsylvania's first-degree robbery statute is a "crime of violence" under the Guidelines because any error would be harmless.[3] The District Court imposed a 120-month sentence under two alternative rationales. If Steele's Pennsylvania robbery conviction is a "crime of violence" and the career offender enhancement were to apply, the District Court explained that it would vary downward in imposing a sentence. Alternatively, if the career offender enhancement were not to apply, the District Court explained that it would still impose a 120-month sentence by imposing an upward variance.

We previously have recognized harmless error in nearly identical circumstances in *United States v. Carter*, 730 F.3d 187 (3d Cir. 2013). There, the Guidelines range also turned on the application of the career offender enhancement, and the district court imposed the same sentence under two alternative rulings. *Id.* at 189. We held that the error "was harmless because the District Court explained that it would have ordered the same sentence even without finding a 'crime of violence.'" *Id.* at 193. But we also noted that a sentencing error is not harmless "where a district court simply states that it would have imposed the same sentence without pointing to the alternative Guidelines range and explaining its decision to arrive at the specific sentence." *Id.*

---

[3] A closely related issue—whether Pennsylvania's first-degree robbery statute is a "violent felony" under the Armed Criminal Career Act—is pending before this Court in *United States v. Harris*, No. 17-1861.

Here, the District Court identified the two Guidelines ranges that could apply and explained why it would arrive at a 120-month sentence under either range. To justify an upward variance, the District Court emphasized the seriousness of Steele's actions and the need for deterrence considering Steele's history of serious recidivism. These reasons adequately justify an upward variance under 18 U.S.C. § 3553(a). Thus, the District Court's alternative rationale for imposing a 120-month sentence without the career offender enhancement was not erroneous. We therefore conclude that any error in applying the career offender enhancement was harmless.

III.

For the reasons stated, we will affirm the judgment of the District Court.

6