**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2837
_____

UNITED STATES OF AMERICA

v.

JEROME EDMOND,
                    Appellant

_____


On Appeal from the United States District Court for the
Middle District of Pennsylvania
(D.C. No. 1:21-CR-00307-001)
District Judge:  Hon. Christopher C. Conner

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on July 7, 2025


Before: RESTREPO, BIBAS, and CHUNG, *Circuit Judges.*

(Filed: September 10, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge.*

Jerome Edmond appeals his 100-month prison sentence for possession of a firearm in violation of 18 U.S.C. § 922(g)(1). For the reasons that follow, we will affirm the District Court's judgment of sentence.

## I.

In June 2021, after making two controlled purchases of crack cocaine from Appellant Jerome Edmond, law enforcement executed a search warrant on Edmond's residence. During the search, agents recovered crack cocaine, drug paraphernalia, two firearms, four high-capacity magazines, and firearm conversion parts, including a Glock "autosear" which allows the device to fire automatically.

Edmond ultimately pleaded guilty to one count of possession with intent to distribute cocaine[1] and one count of possession of a firearm by a prohibited person.[2] The District Court imposed a sentence of 100 months in prison, followed by 36 months of supervised release, applying certain sentencing enhancements that Edmond now challenges. Edmond raises four arguments on appeal: (1) the District Court erred in determining Edmond's base offense level per the United States Sentencing Guidelines (USSG) § 2K2.1(a)(3);[3] (2) the District Court erred in applying the enhancement at

---

[1] *See* 21 U.S.C. § 841(a)(1).
[2] *See* 18 U.S.C. § 922(g)(1).
[3] We typically review the District Court's factual findings relevant to the Sentencing Guidelines for clear error, *see United States v. Kirschner*, 995 F.3d 327, 333 (3d Cir. 2021), but because Edmond raises this new ground for relief on appeal, we review this unpreserved objection for plain error. *See United States v. Couch*, 291 F.3d 251, 252–53 (3d Cir. 2002) (noting that this Court reviews unpreserved claims for plain error).

USSG § 2K2.1(b)(6)(B); (3) the District Court erred in calculating his criminal history score; and (4) 18 U.S.C. § 922(g)(1) is unconstitutional as applied to Edmond. We address each in turn.

## II.[4]

First, the District Court did not plainly err by applying a sentencing enhancement to Edmond's firearm conviction since the Glock was a "semiautomatic firearm that is capable of accepting a large capacity magazine."[5] Edmond argues that the District Court should not have applied the enhancement because there was insufficient evidence that the Glock and the large capacity magazine were capable of being used together. But the factual record established by a preponderance of evidence[6] that (1) the firearms and magazines were found within Edmond's residence and (2) three of the magazines were of the same caliber bullet that can be used with the Glock. Taken together, these facts demonstrate that Edmond's gun was a semiautomatic firearm capable of accepting a large capacity magazine.

Second, the District Court did not clearly err by applying a four-level enhancement for possessing a firearm "in connection with" another felony offense.[7] Edmond argues that the evidence provided is insufficient to prove a nexus between the guns and his drug trafficking offense. But his argument fails in light of *United States v. Perez*,[8] which

---

[4] The District Court had subject-matter jurisdiction pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
[5] USSG § 2K2.1(a)(3).
[6] *See United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007).
[7] USSG § 2K2.1(b)(6)(B).
[8] 5 F.4th 390 (3d Cir. 2021).

3

"h[e]ld that Commentary Note 14(B) [to USSG § 2K2.1(b)(6)(B)] creates a rebuttable presumption that the enhancement should apply for a drug-trafficking offense when a firearm is found in close proximity to drugs or related items."[9] To apply this enhancement, the government need only prove the relevant facts by a preponderance of the evidence.[10] Here the government submitted, and Edmond did not dispute, that the gun was found in a backpack with a digital scale, which qualifies as drug paraphernalia.[11]

Third, Edmond makes two arguments regarding the calculation of his criminal history for sentencing purposes: (1) the District Court clearly erred in treating his two juvenile convictions as separate offenses; and (2) his underlying sentences were insufficient to warrant two criminal history points each. But the District Court committed no error in determining his two juvenile convictions to be separate offenses. At sentencing, the District Court established that an intervening arrest occurred, which satisfies the requirement per USSG § 4A1.2(a)(2). Consequently, it was not clear error to treat these convictions as separate offenses.

Additionally, Edmond argues that the District Court clearly erred in calculating his criminal history score. Edmond's criminal history, including his juvenile offenses, resulted in a criminal history score of 12 points, placing him in a criminal history category of V. Edmond disputes this calculation, asserting that his juvenile convictions, which did not have a pronounced sentence "of at least sixty days" as required under

---

[9] *Id.* at 400.
[10] *See Grier*, 475 F.3d at 568.
[11] *See United States v. Nasir*, 17 F.4th 459, 465 (3d Cir. 2021) (supporting classification of scales as drug distribution paraphernalia).

USSG § 4A1.2(d)(2)(A),[12] should not have received two criminal history points. His Presentence Investigation Report (PSR) indicates that for both offenses, Edmond was "ordered to be placed"[13] in a juvenile treatment facility effective January 25, 2017, and was "[d]ischarged from"[14] that facility on September 18, 2017.

But even assuming Edmond is correct—that neither juvenile conviction had a sentence *pronounced* of "at least sixty days"—the proposed adjustment to his criminal history score removes only two criminal history points.[15] Thus, Edmond's criminal history score would drop only from 12 points to 10 points, leaving him in the same criminal history category. Thus, any such error would be harmless.[16]

Lastly, the District Court did not err in concluding that 18 U.S.C. § 922(g)(1) is constitutional as applied to Edmond.[17] Because Edmond was on probation at the time of this offense,[18] he "does not have a Second Amendment right to possess a firearm."[19]

---

[12] § 4A1.2(d)(2)(A) provides that two points should be assigned for each "juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense."

[13] PSR 7 ¶ 26, 8 ¶ 27.

[14] *Id.*

[15] USSG § 4A1.2(d)(2)(B) (adding one point, rather than two, for a juvenile offense for which the court imposed a term of confinement less than sixty days).

[16] *See United States v. Isaac*, 655 F.3d 148, 158 (3d Cir. 2011) (criminal history calculation error is harmless if "the same Guideline range would have applied").

[17] *See United States v. Drozdowski*, 313 F.3d 819, 822 (3d Cir. 2002) (we review District Court's factual findings for clear error).

[18] Appellant's Br. 37 n.19.

[19] *United States v. Moore*, 111 F.4th 266, 273 (3d Cir. 2024); *see also United States v. Quailes*, 126 F.4th 215, 224 (3d Cir. 2025) (holding that "§ 922(g)(1) is constitutional as applied to convicts on parole or probation").

## III.

Because the District Court committed no error, we will affirm.