**ALD-038**                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1219
_____

UNITED STATES OF AMERICA

v.

MARCEL HARPER,
a/k/a MIZ,
a/k/a MIKE HARPER,

Marcel Harper,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-05-cr-00170-002)
District Judge:  Honorable John R. Padova

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 5, 2015

Before: AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed November 10, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Marcel Harper appeals from the District Court's order denying his motion to correct court records, filed pursuant to Rule 36 of the Federal Rules of Criminal Procedure, and the order denying his motion for reconsideration of that denial. Because the appeal presents no substantial question, we will summarily affirm the District Court's orders.[1]  See LAR 27.4; I.O.P. 10.6.

Harper is currently serving a term of 424 months' imprisonment resulting from two armed bank robberies.  Harper claimed in his Rule 36 motion that both his Presentence Investigation Report and his Judgment of Conviction incorrectly stated that his convictions for counts 3 and 5 of the Indictment were for violations of 18 U.S.C. § 924(c)(1)(C), rather than 18 U.S.C. § 924(c)(1)(A).  Harper asked the District Court to correct the record.  While Harper insisted that he was not attempting to attack his sentence, it appears that he sought to have his consecutive sentence for the second weapons charge reduced to 84 months' imprisonment (the mandatory minimum under § 924(c)(1)(A)), rather than 300 months' imprisonment (the mandatory minimum under § 924(c)(1)(C) for a second or subsequent § 924(c) offense).

Rule 36 allows a district court to correct a clerical error in a judgment or other part of a criminal record "at any time."  See United States v. Bennett, 423 F.3d 271, 277 (3d Cir. 2005).  But as the District Court noted, there was no error here.  First, Harper's

_____

[1] We have jurisdiction to review both orders.  Harper's motion for reconsideration, filed within 28 days of the order denying his Rule 36 motion, tolled the time to appeal that order until the motion for reconsideration was decided.  See Fed. R. App. P. 4(a)(4). Harper in turn timely appealed the District Court order denying his motion for reconsideration.

2

argument is factually incorrect:  both the presentence report and the judgment refer to violations of § 924(c), without specifying a further subsection.  Second, Harper is legally incorrect:  as provided by statute, the District Court was required to sentence him to a consecutive 300-month sentence for the weapons offense associated with the second armed robbery.  See United States v. Couch, 291 F.3d 251, 256 (3d Cir. 2002).  And because Harper's motion for reconsideration did not demonstrate any basis for granting the motion, such as intervening change in controlling law, new evidence, or the need to correct clear error of law or fact or prevent manifest injustice, the District Court did not abuse its discretion in denying the motion.  See Lazardis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (denial of motion for reconsideration reviewed for abuse of discretion).

For the foregoing reasons, we will summarily affirm the District Court's judgment.