

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-29-2004

# USA v. Hoffner

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2642

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Hoffner" (2004). *2004 Decisions.* Paper 766.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/766

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2642
_____

UNITED STATES OF AMERICA,

v.

THOMAS F. HOFFNER, JR.,

Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No.  00-cr-00456-2)
District Court Judge: Hon. Harvey Bartle, III

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2004

Before: ALITO, ALDISERT and BECKER, <u>Circuit Judges</u>

(Opinion Filed:   April 29, 2004)

_____

OPINION OF THE COURT
_____

PER CURIAM:

Thomas F. Hoffner, Jr. (Hoffner, Jr.) raises two arguments on appeal. First, he argues that the District Court abused its discretion by admitting the expert testimony of Narcotics Agent Kenneth Bellis (Agent Bellis) concerning "drug jargon." Second, he contends that the District Court erred by failing to give any reason for imposing a sentence above the bottom of the guideline range. We find these arguments to be without merit and therefore affirm.

Hoffner, Jr. was tried before a jury with one of his ten co-defendants, Mark Louis Katzin, Sr. (Katzin, Sr.).[1] Hoffner, Jr. was convicted of conspiracy to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. § 846; distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and using a communication facility in furtherance of a drug offense, in violation of 21 U.S.C. § 843(b).

## I.

Hoffner's first argument, as noted, concerns the admission of expert testimony by Agent Bellis. The District Court's rulings regarding the qualification of Agent Bellis as an expert and the admission of his expert testimony are reviewed for abuse of discretion. See United States v. Mathis, 264 F.3d 321, 335 (3d Cir. 2001), cert. denied, 535 U.S. 908 (2002).

_____

[1] Hoffner, Jr. and Katzin, Sr. were tried apart from their co-defendants because following their respective pretrial releases, and before the scheduled trial date, Hoffner, Jr. and Katzin, Sr. violated the conditions of pretrial release by becoming fugitives.

During his testimony, Agent Bellis interpreted purported "drug jargon" in numerous recorded conversations. The arguments made in this appeal by Hoffner Jr. concerning Agent Bellis's testimony are not materially different from those raised in an earlier appeal by co-defendants Thomas Hoffner, Sr., Michael Hoffner, and Frank Bennett. Although those defendants were tried at a separate trial, the government introduced virtually the same evidence against them as it did against Hoffner Jr. The same trial judge and prosecutor were involved. In the separate appeal taken by those defendants, our court rejected essentially the same arguments as Hoffner Jr. now advances. See United States v. Bennett, 74 Fed. Appx. 201, 2003 U.S. App LEXIS 18056 (3d Cir. 2003). We likewise reject Hoffner Jr.'s contentions.

The District Court acted well within its discretion in qualifying Agent Bellis as an expert and permitting him to translate drug jargon. In United States v. Gibbs, 190 F.3d 188 (3d Cir. 1999), we stated:

> Because the primary purpose of coded drug language is to conceal the meaning of the conversation from outsiders through deliberate obscurity, drug traffickers' jargon is a specialized body of knowledge and thus an appropriate subject for expert testimony. Such testimony is relatively uncontroversial when it permits a government agent to explain the actual meanings of coded words--that is, when the agent acts as a translator of sorts.

190 F.3d at 211 (citations omitted).

Moreover, as we held in Bennett, even if some of Agent Bellis's testimony should

not have been admitted, given the other evidence of Hoffner, Jr.'s guilt, including the testimony of corroborating witnesses, any possible error here was harmless, as we find it "highly probable that the error did not contribute to the judgment." Gibbs, 190 F.3d at 213 (citation omitted).

## II.

The second argument advanced by Hoffner, Jr. is that the District Court failed to comply with 18 U.S.C. § 3553(c)(1), which requires a judge to state in open court at sentencing the judge's reasons for imposing a sentence at a particular point within a guideline range if that range spans more than 24 months.[2]  Because this objection was not preserved at sentencing, our review is for plain error. United States v. Couch, 291 F.3d 251, 252-53 (3d cir. 2002).

Although we remanded the matter of co-defendant Thomas Hoffner, Sr. for resentencing on the basis of a complete omission of any reason for the imposition of a sentence within his range, the sentencing of Hoffner, Jr. is different.  Hoffner, Sr. faced a range of 235-293 months, and the District Court sentenced him to 262 months.  In the Hoffner, Sr. sentencing proceeding, as opposed to that for Hoffner, Jr., the District Court made no direct statement about the reason for the sentence assigned.  Here, the District

---

[2] 18 U.S.C. § 3553(c) provides, in pertinent part: "the court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and if the sentence - (1) is of the kind, and within the range described in subsection (a)(4) [i.e., the applicable Guideline range], and that range exceeds 24 months, the reasons for imposing a sentence at a particular point within the range."

Court addressed Hoffner, Jr.'s particular situation in denying his request for a downward departure for being a minor participant. Supp. App. 313. Whether or not we would find that the District Court complied with 18 U.S.C. § 3553(c) if an objection had been raised, on the facts of this case, we cannot say that the District Court committed plain error in not providing a fuller explanation.

## III.

We have considered all of the arguments made by Hoffner, Jr. but find no ground for reversal. Therefore, the judgment of the District Court is affirmed.

_____