Bartle, J.
Before the court is the motion of petitioner Thomas F. Hoffner, Jr. to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his motion, he asserts that his sentence as a career offender was based on an unconstitutionally vague provision of § 4B1.2(a)(2) of the then-mandatory U.S. Sentencing Guidelines.
I
On January 11, 2002, a jury convicted Hoffner of one count of conspiracy to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. § 846 ; five counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) ; and five counts of use of a communication facility in furtherance of a drug offense, in violation of 21 U.S.C. § 843(b).
Hoffner was sentenced on May 29, 2002. At the time of sentencing, he had a 1985 conviction for simple assault under Pennsylvania law and a 1988 conviction for robbery, burglary, and conspiracy under Pennsylvania law. The court found that these offenses were crimes of violence under § 4B1.1 of the then-mandatory Sentencing Guidelines. As a result, he was a career offender subject to a Guideline range of 360 months' imprisonment to life. However, the court determined that his designation as a career offender overstated the seriousness of his criminal history and thus departed downward from criminal history category VI to category IV. This resulted in a Guidelines' range of 210 to 262 months. The court then sentenced Hoffner to 240 months' imprisonment, five *660 years' supervised release, and a $1,200 special assessment.
The Court of Appeals affirmed Hoffner's conviction and sentence. See United States v. Hoffner, 96 Fed.Appx. 85 (3d Cir. 2004). On April 25, 2005, he filed his first motion for relief under 28 U.S.C. § 2255. That motion was denied and our Court of Appeals declined to issue a certificate of appealability. He filed a second motion under § 2255 on August 20, 2012. That motion was dismissed as an unauthorized second or successive motion, and our Court of Appeals again declined to issue a certificate of appealability.
On July 15, 2015, Hoffner filed a third § 2255 motion seeking relief from his career offender sentence in light of Johnson v. United States, --- U.S. ----, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). In Johnson, the Supreme Court held that what is known as the "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924, was void for vagueness. See Johnson, 135 S.Ct. at 2563. This clause stated that a prior conviction was a violent felony if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." See 18 U.S.C. § 924(e)(2)(B)(ii).
Hoffner asserted that Johnson likewise invalidates the similar residual clause portion of the "crime of violence" definition in the then-mandatory career offender Guideline, U.S.S.G. § 4B1.2. We dismissed the motion as an unauthorized second or successive motion on July 17, 2015.
On August 7, 2015, Hoffner filed an application in the Court of Appeals for leave to file a second or successive § 2255 motion under Johnson. Our Court of Appeals granted Hoffner's application. See In re Hoffner, 870 F.3d 301, 312 (3d Cir. 2017). The Court, employing a "flexible, case-by-case approach," found that Hoffner had made a "prima facie" showing of the pre-filing requirements for a second or successive habeas petition under 28 U.S.C. § 2244(b)(3)(C). Id. at 309, 312. The Court made it clear, however, that it was not reaching the merits. Id. Instead, it left for this district court to determine the ultimate question of whether Hoffner has a meritorious vagueness claim under Johnson. Id. at 302-03, 312. Thereafter this court held a status conference with counsel and issued a scheduling order regarding supplemental briefing on Hoffner's § 2255 motion.
II.
Section 2255(h)"greatly restricts the power of federal courts to award relief" on the basis of second or successive motions. Tyler v. Cain, 533 U.S. 656, 661, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). It provides that a second or successive application must contain:
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.
28 U.S.C. § 2255(h). The second clause is the provision on which Hoffner relies. Thus, Hoffner must demonstrate that his motion: (1) relies on a new rule of constitutional law; (2) made retroactive by the Supreme Court to cases on collateral review; and (3) that the claim was previously unavailable. Id.; see also Tyler, 533 U.S. at 662, 121 S.Ct. 2478.
At the time of Hoffner's sentencing in 2002, the U.S. Sentencing Guidelines had "the force and effect of laws" and were "mandatory and binding on all judges."
*661 United States v. Booker, 543 U.S. 220, 233-34, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Courts were bound to apply a sentence within the range set by the Guidelines and could depart from those guidelines only in exceptional cases. Id. at 234, 125 S.Ct. 738. In Booker, the Supreme Court held that the mandatory Sentencing Guidelines violated the Sixth Amendment and consequently rendered the Guidelines advisory. Id. at 226-27, 125 S.Ct. 738. Since Booker, a sentencing court must first calculate a sentence under the advisory Guidelines sentencing range but may "tailor the sentence in light of other statutory concerns as well." Id. at 245, 125 S.Ct. 738 (citing 18 U.S.C. § 3553(a) ).
The version of the mandatory Guidelines in place when Hoffner was sentenced in 2002 provided that a defendant with at least two prior felony convictions for a crime of violence should be subject to an enhanced sentence. U.S.S.G. § 4B1.1. The Guidelines defined "crime of violence" as an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that:
(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
(2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.
U.S.S.G. § 4B1.2(a) (emphasis added).[1] The government concedes that, absent application of this residual clause in subsection (2), Hoffner's prior conviction for simple assault would not qualify as a "crime of violence," and therefore he should not have been sentenced as a career offender.
In Johnson, as noted above, the Supreme Court considered what is known as the "residual clause" of ACCA. See Johnson, 135 S.Ct. at 2563. Like the career offender provision of the mandatory Sentencing Guidelines, this ACCA clause stated that a prior conviction was a violent felony if it "otherwise involves conduct that presents a serious potential risk of physical injury to another." See § 924(e)(2)(B)(ii). The Court in Johnson determined that the "indeterminacy of the wide-ranging inquiry required by the residual clause [of the ACCA] both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S.Ct. at 2557. Thus, the ACCA residual clause violated the Due Process Clause of the Fifth Amendment and was void for vagueness. Id. In Welch v. United States, the Supreme Court subsequently held that Johnson applies retroactively to petitioners who were sentenced under ACCA before Johnson had been decided. --- U.S. ----, 136 S.Ct. 1257, 1265, 1268, 194 L.Ed.2d 387 (2016).
Later in Beckles v. United States, the Supreme Court ruled that the residual clause of § 4B1.2 of the advisory Sentencing Guidelines was not unconstitutionally vague under the Due Process Clause. --- U.S. ----, 137 S.Ct. 886, 890, 197 L.Ed.2d 145 (2017). The Court explained that ACCA's residual clause, where applicable, required sentencing courts to increase a defendant's term of imprisonment from a statutory maximum of ten years to a minimum of fifteen years. Id. at 892. In contrast, the advisory Guidelines "do not fix the permissible range of sentences" but "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." Id. Thus, the Court declined to extend its reasoning in Johnson to the advisory Guidelines. Id.
*662 In its opinion, the Court made clear: "We hold only that the advisory Sentencing Guidelines, including § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." Id. at 896 (emphasis added). In a separate opinion concurring in the judgment only, Justice Sotomayor confirmed this point:
The Court's adherence to the formalistic distinction between mandatory and advisory rules at least leaves open the question whether defendants sentenced to terms of imprisonment before our decision in United States v. Booker-that is, during the period in which Guidelines did"fix the permissible range of sentences,"-may mount vagueness attacks on their sentences. That question is not presented by this case and I, like the majority, take no position on its appropriate resolution.
Id. at 903 & n.4 (internal citations omitted).
The government contends that Hoffner cannot benefit from a new rule of constitutional law announced and made retroactive on collateral review by the Supreme Court. It reasons that neither Johnson nor Beckles established that the residual clause in the career offender provision of the mandatory Sentencing Guidelines was unconstitutionally vague. According to the Government, Hoffner improperly seeks to extend Johnson to the facts in his case.
To evaluate this argument, we turn to the Supreme Court's decisions in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) and Chaidez v. United States, 568 U.S. 342, 133 S.Ct. 1103, 185 L.Ed.2d 149 (2013). See Hoffner, 870 F.3d at 311-12 & n.15. In those decisions, the Supreme Court explained that a "case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." Chaidez, 568 U.S. at 347, 133 S.Ct. 1103 (quoting Teague, 489 U.S. at 301, 109 S.Ct. 1060 ). The Court further explained that a holding is not so dictated unless it would have been "apparent to all reasonable jurists." Id. (quoting Lambrix v. Singletary, 520 U.S. 518, 527-28, 117 S.Ct. 1517, 137 L.Ed.2d 771 (1997) ). In contrast, a case does not " 'announce a new rule, [when] it [is] merely an application of the principle that governed' a prior decision to a different set of facts." Id. at 347-48, 133 S.Ct. 1103 (quoting Teague, 489 U.S. at 307, 109 S.Ct. 1060 ).
In addition, before § 2255(h)(2) is applicable and a second or successive application may be considered, the Supreme Court must have applied the new rule of constitutional law retroactively. See Welch, 136 S.Ct. at 1264. Generally, "new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced." Teague, 489 U.S. at 310, 109 S.Ct. 1060. However, two categories of decisions fall outside of the general bar on retroactivity: (1) new substantive rules of constitutional law; and (2) new "watershed rules of criminal procedure," which are procedural rules "implicating the fundamental fairness and accuracy of the criminal proceeding." Welch, 136 S.Ct. at 1264 (quoting Saffle v. Parks, 494 U.S. 484, 495, 110 S.Ct. 1257, 108 L.Ed.2d 415 (1990) ).
Here, in our view the application of Johnson to a sentence under the mandatory Guidelines would not simply be an application of a precedent to a "different set of facts." Id. It is not apparent to all reasonable jurists that Johnson applies to the mandatory Guidelines. We reach this conclusion in light of the Supreme Court's analysis in Beckles. First, Beckles made clear that Johnson did not set forth a rule of general application since it did not apply to the advisory Guidelines even though the relevant language of ACCA and the *663 advisory Guidelines was the same. Moreover, the Court in Beckles expressly cautioned that its holding applies "only [to the] advisory Sentencing Guidelines." 137 S.Ct. at 896. Plainly, it was signaling in Beckles that Johnson should not be read to govern the residual clause of § 4B1.2 of the mandatory Sentencing Guidelines. Justice Sotomayor in her concurring opinion confirmed that the issue of Johnson's applicability to the mandatory Sentencing Guidelines is an "open ... question" in which the Court in Beckles"take[s] no position on its appropriate resolution." 137 S.Ct. at 903 & n.4. Here the Supreme Court has made a clear declaration that it was deciding only a specific question and that it has left open and undecided a separate question. Under the circumstances, it would be improper to conclude that the Supreme Court's "new rule of constitutional law" related to the specific question decided is also applicable retroactively to that separate question.
Regardless of what the Supreme Court may decide in the future, it has for now turned on the red light, and we are not free to ignore it. Accordingly, the motion of Hoffner to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 will be denied, and no certificate of appealability will be issued.
ORDER
AND NOW, this 30th day of January, 2018, for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:
(1) the motion of defendant to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is DENIED; and
(2) no certificate of appealability is issued.

The residual clause was removed from the career offender provision of the Guidelines prospectively effective August 1, 2016. U.S.S.G. Supp. App. C, Amend. 798.